REUEL W. ROBINSON in equity,

*vs.*

ELEAZER CLARK and PAULINA S. CLARK.

Somerset. Opinion December 13, 1884.

*Practice. Fraudulent conveyances. Husband and Wife. Equity, decrees in.*

It is not expected that the court will encumber its legal opinions, in cases mainly of fact, with much more than a statement of its conclusions from the facts, without detailing the facts themselves.

Conveyances of property from husband to wife are to be closely scanned when the rights of his creditors are involved, inasmuch are they (husband and wife) have unusual facilities for the perpetration of fraud upon creditors. His conveyances of property to her without consideration are void, as against existing creditors, although no fraud be actually intended thereby.

Equitable decrees may be adapted to any requirement of a case. There is no limit to their variety or application, as called for by the varying circumstances of each particular case.

BILL in equity ; heard on bill, answer and proofs.

The opinion states the case, and the material facts as found by the court.

*Walton and Walton,* for the plaintiff.

*A. G. Emery,* for the defendant, Paulina S. Clark.

PETERS, C. J. The case comes up for a decision upon the facts, and the law and equity applicable thereto. In an examination of questions of fact, in cases at law or in equity, we do not feel at liberty to encumber legal opinions with much more than a statement of our conclusions from the facts, not detailing the facts themselves. The extended facts are not often useful as a precedent for any other case, and would occupy more space in a book of law cases than can be afforded to them.

The testimony shows the following statement to be true : The husband owned and possessed a homestead ; deeded it to Folsom, taking from him an agreement to reconvey ; Folsom, at his

request, conveyed it to the wife; she mortgaged it to Norton, he joining in the conveyance, Norton paying Folsom the sum due to him; the husband owed the complainant, the debt ante-dating the other transactions; the complainant obtained judgment against the husband, purchased his right to the homestead upon execution on the judgment, and now asks for a conveyance of the title from the wife.

The first defense set up to the bill, is, that the property became forfeited to Folsom and that the wife purchased it of him on her own and not upon her husband's account. Of course, such a thing might be, but it was not done in this case. She paid nothing. Norton paid Folsom in full, taking the wife's note and mortgage therefor. The act was merely a redemption from Folsom who held no more than an equitable mortgage on the estate. *Stinchfield* v. *Milliken*, 71 Maine, 567. Transactions of this kind between husband and wife are to be closely scanned. There are between them unusual facilities for fraud. The absorption by her of his property, against the right of existing creditors, is not allowed. Wait, Fraud. Con. § 30. *Seitz* v. *Mitchell*, 94 U. S. 580. The husband is insolvent, having no property besides his interest in this.

The next point in defense is that there was no intention to conceal or defraud. That is not a material fact, if it be so. She has his property without consideration. She cannot convey it without his consent; nor can she withhold it from his creditors whether fraud were intended or not. *Call* v. *Perkins*, 65 Maine, 439; *Hamlen* v. *McGillicuddy*, 62 Maine, 268; R. S., c. 60 § 1.

But the wife further contends that she has contributed of her own means to the improvement of the property, and that she has a lien upon the property to the extent of the amount contributed. She may have expended one hundred dollars upon it, and she has received more than that from the rents and profits of the property. She has been more than paid. It is said that money obtained from her exertions in raising and selling poultry upon the place has gone into its value, and that money received for her board at home while teaching school went in the same direction; and these pretensions are denied by the complainant.

But these earnings accrued when the husband and wife were living at their home, and belonged, not to her, but to him. *Sampson v. Alexander*, 66 Maine, 182 ; all of the alleged defenses to the bill fail.

The husband and wife do not now live together. He makes no defense. She should release all interest to the complainant.

There should be a decree establishing a lien upon the premises as the property of the complainant, making his claim complete.

And, in order to render the remedy beneficial, the clerk may issue to an officer a mandate, substantially like a writ of possession at law, requiring the complainant to be placed in possession of the *locus* on April 1, 1885, indulging her in the possession until then. And the decree should require a deed from both defendants, releasing all their title to the land, subject to the mortgage to Norton ; the details for all of which may be set out in the decree to be filed.

We have no doubt that we may require these formalities and that they are equitable. Professor Pomeroy, in his excellent work (1 Eq. Juris. § 109,) says : "Equitable remedies are distinguished by their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application ; the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties."

> *Bill sustained against both defendants.*
> *Costs against the wife only.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.