**Duncan C. MARTIN and H.J. Crabbe and Sons**

v.

**Dorothy M. and Bruce BURNHAM.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1993.
Decided Oct. 5, 1993.

Richard L. Rhoda (orally), Houlton, for plaintiffs.

Forrest W. Barnes (orally), Barnes & Rogers, Houlton, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Plaintiffs, Duncan C. Martin and H.J. Crabbe and Sons, Ltd, appeal from the judgment entered after a jury-waived trial in the Superior Court (Aroostook County, *Archibald, A.R.J.*) denying their claim to a public easement over an abandoned county way across the Defendants' land. We affirm the decision of the trial court.

Martin and Crabbe own large parcels of land accessible from a public way only by travelling an abandoned county road across the Burnhams' property. The road was originally laid out by the Aroostook County Commissioners in 1868, but has not been maintained through the expenditure of public funds since at least 1916. Over the years, Martin and Crabbe and their predecessors in title have used the road to access their properties. The road has also been used sporadically by persons engaged in hunting, fishing and other outdoor activities.

The parties stipulated that the road had been abandoned, and the trial court found that the abandonment was effective by 1946. This finding is reviewed only for clear error. *Smith v. Dickson,* 225 A.2d 631, 635 (Me.1967). The trial court's finding is supported by competent evidence.

Martin and Crabbe contend that the trial court erred when it applied the law as it existed in 1946 to a county way that had not been maintained by public funds since 1916. Citing 23 M.R.S.A. §§ 3026, 3028 (1992) (enacted by P.L.1975, ch. 711, § 7 (effective July 29, 1976)), Martin and Crabbe claim a public easement over the abandoned county road.[1] Martin and Crabbe also challenge the imposition by the trial court of a notice requirement on their private right to use the way across the Burnhams' land.

Section 3028 states that: "It is prima facie evidence that a town or county way not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consec-

---

1. A way abandoned pursuant to Title 23 § 3028 is relegated to the same status it would have had after a discontinuance pursuant to Title 23 § 3026, except that status is subject to an affirmative vote of the legislative body of the munic-

ipality making that way an easement for recreational use. Section 3026 provides that unless otherwise stated in an order by the legislative body approving the discontinuance order, a public easement is retained.

utive years has been discontinued by abandonment." Martin and Crabbe contend that by its plain language, section 3028 applies to the road across the Burnhams' land, since it has been unmaintained for more than thirty years. The road, however, was abandoned at least thirty years before the effective date of section 3028.

 At common law, when a town or county abandoned a public way, all rights to the way passed to the owners of the land that abutted the center line of the way. *Piper v. Voorhees*, 130 Me. 305, 310, 155 A. 556, 559 (1931); *White v. Bradley*, 66 Me. 254, 261 (1876). Therefore, when the road became abandoned in 1946, all rights to the way reverted to the Burnhams' predecessors in title. To apply section 3028 as urged by Martin and Crabbe would resurrect rights long since relinquished.

The trial court then implicitly found that Martin and Crabbe, in part through their predecessors in title, established a prescriptive easement across the Burnhams' land after the public abandoned its rights. The trial court enjoined the Burnhams from preventing Martin or Crabbe from using the road, but limited the right of Martin and Crabbe by imposing a notice requirement. Martin and Crabbe argue that the trial court improperly restricted their prescriptive right to use the way.

By seeking injunctive relief, however, Martin and Crabbe invoked the equitable powers of the court. In equity, the court has the power to tailor the remedy it provides. *Robinson v. Clark*, 76 Me. 493, 495 (1884). The injunction issued by the trial court actually expanded the rights of Martin and Crabbe to use the road, and the imposition of a notice requirement was within the court's equitable powers. *See Jacobs v. Jacobs*, 507 A.2d 596, 601 (Me. 1986) (equity allows for flexible relief).

The entry is:

Judgment affirmed.

All concurring.