**Judith A. ST. LOUIS**

v.

**HARTLEY'S OLDSMOBILE–GMC, INC.**

Supreme Judicial Court of Maine.

Argued Jan. 31, 1990.

Decided Feb. 28, 1990.

Marvin Glazier (orally), Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Paul W. Chaiken (orally), Curtis E. Kimball, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Plaintiff Judith A. St. Louis appeals from a summary judgment that the Superior Court (Penobscot County, *Alexander, J.*) entered in favor of defendant Hartley's Oldsmobile–GMC, Inc. ("Hartley") upon determining that Hartley was not jointly and severally liable for injuries St. Louis received in a motor vehicle accident. The accident was caused by the negligence of co-defendant Gregory J. Sands, one of Hartley's customers, who was driving a "loaner" automobile loaned to Sands by Hartley at the time of the accident. We find no error and we affirm.

I.

The facts are undisputed. This case arises out of an automobile accident that occurred on November 29, 1985, when a vehicle operated by Sands and owned by Hartley collided with a vehicle operated by St. Louis. The automobile operated by Sands was a "loaner" vehicle with "loaner plates," as provided for by 29 M.R.S.A. § 361 (1978 & Supp.1989), that Sands had obtained from Hartley six days earlier while Sands' personal vehicle was awaiting parts for repair by Hartley. Other than requiring him to pay for any damage to the vehicle that might occur while it was in Sands' care, Hartley did not charge Sands for the use of the loaner vehicle.

St. Louis brought this negligence action against both Sands and Hartley. In Count II of her complaint, the only count brought against Hartley, St. Louis alleges that Hartley negligently "rented, loaned, or otherwise gave a motor vehicle" to Sands, and asserts that Hartley shares responsibility for the accident. Hartley then moved for summary judgment on Count II. The Superior Court granted summary judgment in Hartley's favor, holding first that there was no support for St. Louis's claim of negligent entrustment, and second that Hartley could not be held jointly and severally liable under 29 M.R.S.A. § 1862 (1978) because Hartley did not "rent" Sands the loaner automobile within the statutory meaning of the word "rental" because there was no consideration for the loan of the vehicle.

After a jury-waived trial, Sands was found to have negligently caused the accident, and judgment was entered against him in the amount of $375,000.

On appeal, St. Louis raises the issue of Hartley's joint and several liability, but fails to appeal the summary judgment court's finding of no evidence of negligent entrustment.

## II.

■ St. Louis first contends that Hartley must be held jointly and severally liable for Sands' conduct under 29 M.R.S.A. § 1862. On an appeal from a grant of summary judgment, we view evidence in the light most favorable to the party against whom judgment has been granted and review the trial court's conclusions for errors of law. *Philbrook v. Gates Formed–Fibre Products, Inc.*, 536 A.2d 1118 (Me.1988). In the case at hand, no significant facts are in dispute, and whether the money delivered to Hartley was in consideration of the loan of the loaner automobile is ultimately a question of law, not of fact. Therefore, we only address whether the Superior Court properly applied the law.

Section 1862 provides in pertinent part: The owner of a motor vehicle engaged in the business of renting motor vehicles, with or without drivers, who rents any such vehicle, with or without a driver, to another, otherwise than as a part of a bonafide transaction involving the sale of such motor vehicle, permitting the renter to operate the vehicle upon the public ways, shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter in operating the vehicle....

In construing section 1982, we give the term "rental" its everyday meaning: "a contract whereby one gives temporary possession and control of the subject property to another for consideration." *Lewiston Daily Sun v. Hanover Insurance Company*, 407 A.2d 288, 293 (Me.1979). St. Louis contends that the arrangement between Hartley and Sands was a "rental" under the everyday definition articulated in *Lewiston Daily Sun*. The thrust of St. Louis' argument is that Sands and Hartley's agreement was a single contract in which the money that Sands gave to Hartley constituted consideration for both the repair of Sands' vehicle and the temporary loan of the loaner automobile. St. Louis argues that "[t]he temporary control of the [loaner] car was an integral part of the contract." Implicitly, St. Louis contends that no separate compensation, distinct from the money delivered to Hartley for repair of Sands' disabled automobile, was required to qualify the temporary loan agreement as a "rental."

We find St. Louis' argument unpersuasive. St. Louis admits that the car was registered as a "loaner vehicle" with "loaner plates." She does not contend that Sands paid anything extra for the use of the loaner car. Nor does she contend that Hartley's repair of Sands' regular car alone would have been inadequate consideration for the amount of money paid to Hartley by Sands.

Moreover, Hartley was not "engaged in the business of renting motor vehicles" within the meaning of section 1862. The Legislature has enacted separate laws governing the rental of automobiles and the loaning of automobiles, indicating a clear legislative intent to treat the two services

differently. If we were to hold Hartley jointly and severally liable under section 1862, we would be disregarding the separation that the legislature has drawn between the two services.

Title 29 M.R.S.A. §§ 901 (1978) and 1862 provide rules controlling automobile rentals, whereas 29 M.R.S.A. § 361 provides rules controlling automobile loans. Section 1862, described above, confers on an owner who engages in the business of renting motor vehicles joint and several liability with the operator for the operator's negligent acts. Section 901 requires an owner who engages in the business of renting motor vehicles to maintain records of all renters, their licenses, and the times of the rental. Section 361 contains record keeping requirements for one who loans automobiles similar to those in section 901, with the additional requirement that the owner who loans automobiles keep a record of the customer's disabled vehicle's registration number. However, section 361 also includes requirements for one who loans automobiles that have no equivalent in the rental rules. These requirements include, among other things, that one who regularly loans automobiles must obtain a loaner registration certificate and plates, that the registration certificate assigned to the disabled vehicle must be carried in the loaner automobile, and that the loaner automobile may not be operated on the loaner plate for more than 7 consecutive days.

Finally, and of greatest importance to the case at hand, there is no parallel in section 361 to the conferral of joint and several liability found in section 1862. Had the Legislature desired to subject owners who loan automobiles to joint and several liability, it could have done so either by enacting a separate statute for this purpose or by including those who loan automobiles in section 1862.

St. Louis also argues that 29 M.R. S.A. § 832 (1978 & Supp.1989) requires Hartley to be held jointly and severally liable for the injuries caused by Sands' negligent acts. Section 832 provides that motor vehicle dealers, transporters, and loaners can not obtain registration plates from the Secretary of State for their motor vehicles until they have obtained adequate automobile bodily injury and property damage liability insurance. The section further states that where the automobile is operated by someone other than the owner, and the non-owner operator has his own liability insurance, it is permissible for the owner's liability insurance to be limited to providing excess coverage. Joint and several liability is not mentioned anywhere in the section. Nevertheless, St. Louis contends that provision permitting the owner's coverage to function as excess coverage above and beyond that of the non-owner operator's insurance indicates that the purpose of this section is to place the ultimate responsibility for protection of the public on the entity loaning the vehicle. In order to effectuate the intended protection, St. Louis argues that it is further necessary to hold the loaner jointly and severally liable for the tortious actions of the non-owner operator.

We find this argument unpersuasive as well. Put simply, excess liability is not the same as joint and several liability. In an insurance policy, an excess insurance clause "provides for insurer's liability up to [the] limits of [the] policy covering excess loss only after exhaustion of other valid insurance." Black's Law Dictionary 504 (5th ed. 1979); *see also Carriers Insurance Co. v. American Policyholder's Insurance Co.*, 404 A.2d 216, 218–19 (Me. 1979) (discussing the operation of conflicting "excess liability" clauses). Even if the Legislature intends owners who loan their automobiles to be liable to third parties for any remaining damages above and beyond those recoverable from the non-owner operator, this intent should not render the owner jointly and severally liable. "A liability is said to be joint and several when the [plaintiff] may sue one or more of the parties to such liability separately, or all of them together at his option." Black's at 751. Where the owner's liability is limited to that above and beyond the liability of the non-owner operator, the third party plaintiff cannot, at his option, seek recovery from the owner first.

1217

The entry is:

Judgment affirmed.

All concurring.