**CLOUTIER, BARRETT, CLOUTIER & CONLEY, P.A.**

v.

**Ruth L. WAX.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1992.

Decided Feb. 27, 1992.

James F. Cloutier (orally), Mark A. Cloutier, Cloutier, Barrett, Cloutier & Conley, Portland, for plaintiffs.

Joel C. Martin (orally on appeal), Petruccelli & Martin, Portland, John M. Winiarski (at trial), Justax, Inc., Phoenix, Ariz., for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Defendant Ruth L. Wax appeals from a summary judgment entered in the Superior Court (Cumberland County, *Perkins, J.*) in favor of plaintiff Cloutier, Barrett, Cloutier & Conley, P.A. on its claim for attorney fees. On appeal Ms. Wax argues, *inter alia*, that there were genuine issues of material fact preventing the court from granting summary judgment. Although we reject her principal contentions, we find obvious error in the assessment of interest. Accordingly we modify the judgment and, as modified, affirm.

In September 1987, Ruth Wax engaged the services of attorney Daniel P. Barrett and the Cloutier firm to prosecute her claim against the estate of Samuel Charles Wax. Ruth Wax and Samuel Wax had a long-term relationship. They lived together and had a child, although they never married. The Cloutier firm engaged in a variety of proceedings associated with the probate of Samuel Wax's will, litigating the validity of a trust under Massachusetts law that named Ruth Wax as a beneficiary, and litigating to judgment her claim against the estate. In conjunction with these efforts the firm also engaged in significant tax planning. Although the firm represented Wax for more than three years, the parties had no written fee agreement.

In the fall of 1989, it became apparent that Ruth Wax was not going to receive an acceptable settlement offer from the estate. With her consent, the case was prepared for trial. At this time, the Cloutier firm informed Wax that her bill for legal services was already in excess of $100,000 and was likely to increase substantially if the case had to be tried to a conclusion. Wax told the firm that she could not pay these fees unless she was successful.

The case was tried, and Wax received a judgment apportioning to her assets having a value of approximately $3,500,000, as well as the use of the family home. Because the judgment entitled Wax to an apportionment of assets instead of a cash award, she was able to defer in excess of $1,250,000 in income taxes.

The Cloutier firm billed Wax $236,936.95, plus monthly interest at the rate of 1.5% for its legal services. After she refused to pay the charges, the Cloutier firm filed a complaint with an attached statement of legal services rendered. The firm also filed a motion for summary judgment.[1] Wax filed an answer denying all the allegations in the complaint and filed a reply to the motion for summary judgment. On the day of the hearing Wax, not then represented by present counsel, failed to appear and the court granted summary judgment in favor of the Cloutier firm on the merits of its motion. Wax appeals from the summary judgment.

On appeal from a grant of summary judgment, we review the evidence in the light most favorable to the party against

---

1. In its motion for summary judgment and supporting affidavit the Cloutier firm stated that it urged Wax to seek fee arbitration and gave her all the information necessary to pursue that avenue under Maine Bar Rules 3.3 and 9.

whom judgment has been granted and review the Superior Court's conclusion for errors of law. *St. Louis v. Hartley's Oldsmobile–GMC, Inc.*, 570 A.2d 1213, 1215 (Me.1990). We accord that party the full benefit of all favorable inferences that may be drawn from the evidence. *Forbes v. Osteopathic Hospital of Maine, Inc.*, 552 A.2d 16, 17 (Me.1988). We examine the record to determine whether it supports the court's conclusion that there was no genuine issue as to any material fact, and that the plaintiff was entitled to a judgment as a matter of law. *Id.*

■ Wax argues that the court erroneously granted Cloutier's motion for summary judgment because Cloutier did not establish the absence of dispute as to all material facts. Specifically, Wax contends that (1) Cloutier failed to establish the nature of the fee arrangement; (2) Cloutier failed to establish when the fee arrangement between the parties arose; and (3) the record contains insufficient information to support the court's conclusion that the fee was reasonable.

Contrary to Wax's first two contentions, the record shows that a contract between the two parties arose in September of 1987 and, although there was never a written fee agreement, the fee was to be based on a fixed rate.[2] The affidavit of attorney Barrett states that the firm's representation of Wax commenced in September of 1987 and that Wax was billed "in accordance with the [Cloutier firm's] regular billing practices in cases of this type." Wax's failure to controvert averments in the Cloutier firm's summary judgment affidavit constituted admissions for the purpose of determining the motion. *See Farrell v. Theriault*, 464 A.2d 188, 194 (Me.1983) (opposing party's failure to controvert facts stated in movant's summary judgment affidavit constituted admission thereof for purpose of determining the motion for summary judgment). Moreover, Wax's reply to the motion for summary judgment stated "[t]here is a bona fide dispute as to the facts in this case relating to the nature of

the services performed, the results obtained and the reasonableness of the fee charged." Likewise, in her statement of undisputed facts she stated that "the issue here relates to the reasonableness of the fees charged by the plaintiffs in relation to the services performed by them." Thus Wax's statement of undisputed facts in effect admits the existence of a contract for a reasonable fee. Accordingly, the court correctly found that Wax was not disputing the existence of a contract or the time the contract was formed—raising only the issue of reasonableness.

■ Regarding Wax's contention, M.Bar R. 3.3(a) provides suggested guidelines for determining the reasonableness of a fee. The court considered and discussed seven of the criteria set forth in the rule in deciding the reasonableness of the fee. Although Wax disputed the reasonableness of the fee in conclusory terms in her pleadings, she failed to raise any factual issues regarding the factors relied on by the court in finding the fee reasonable.

Even though the party seeking summary judgment has the burden of establishing that no genuine issue of material fact exists, Rule 56(e) imposes upon the responding party the obligation to come forward with affidavits or other materials setting forth by competent proof specific facts that would be admissible in evidence to show either that a genuine issue of fact exists or that summary judgment may be appropriately entered against the moving party. *See* Field, McKusick & Wroth, *Maine Civil Practice* § 56.4, at 357 (Supp.1981). The party opposing summary judgment is obligated to produce specific controverting facts exposing the existence of a genuine issue. *Haskell v. Planning Board of the Town of Yarmouth*, 388 A.2d 100, 102 (Me. 1978). In the instant case the Cloutier firm's itemized statement of services rendered, attached to the complaint, lists both the hours spent and the disbursements made on behalf of Wax. In addition, the affidavit of the managing attorney discussing those services supports the summary

---

**2.** There is no evidence in the record that the parties contemplated a contingency fee when

the contract was formed or that the fee agreement was renegotiated.

judgment in favor of the Cloutier firm. In the absence of any counteraffidavit from Wax disputing specific facts respecting the reasonableness of the fee, the statement of services rendered and the supporting affidavit demonstrate the absence of any genuine issue of material fact concerning the reasonableness of the fee.

 For the first time on appeal Wax challenges the interest charge of 1.5% per month. We conclude that the interest charge is not part of the reasonableness determination and that, in the absence of any agreement, the firm is entitled only to interest at the statutory rate from the date of filing of its complaint. *See* 14 M.R.S.A. § 1602 (Supp.1991). Moreover, simply adding a notation about interest on the billing form is not evidence of an agreement. Accordingly, we modify that portion of the judgment on the basis of obvious error.

The entry is:

Judgment modified in accordance with the opinion herein to reduce interest to the statutory rate, and as so modified, affirmed.

All concurring.