Charles B. CRAIG,

v.

Omar DAVIS et al.

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 20, 1994.

Decided Nov. 8, 1994.

Charles W. Cox, Newport, for plaintiff.

Warren C. Shay, Perkins, Townsend, Shay & Brown, P.A., Skowhegan, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

GLASSMAN, Justice.

Omar M. Davis and Elizabeth A. Davis appeal from the judgment entered in the Superior Court (Piscataquis County, *Gunther, J.*)[1] granting the relief sought by Charles B. Craig in his complaint against the Davises for a declaration of the existence of a public easement over Isthmus Road, between Crow Hill Road and Route 150 in Parkman. We agree with the Davises' contention that the trial court erred as a matter of law by its determination that when Isthmus Road was discontinued the public retained an easement pursuant to the provisions of 23 M.R.S.A. § 3026(1) (1992). Accordingly, we vacate the judgment.

The record reflects the following: In response to a petition of the town of Parkman that a county road was needed, by its order dated December 17, 1850, the County Commissioners of Piscataquis County granted the petition of the Town and established Isthmus Road as a county road. The road as laid out was four rods wide. By its order dated April 6, 1976,[2] the County Commissioners granted the October 1975 petition of the Town and discontinued Isthmus Road. The order further provided that the Commissioners "also adjudge that no individual is damaged by reason of said discontinuance." Isthmus Road marks the boundary between the property owned by Craig and that owned by the Davises. As a result of a dispute between the parties involving Craig's use of a bulldozer on the road, on September 27, 1992 Craig filed the present complaint against the Davises alleging, *inter alia,* that Isthmus Road was a town way as contemplated by 23 M.R.S.A. § 3026 and sought a declaration of a public easement over the discontinued road pursuant to section 3026. Craig made no claim that Isthmus Road was used for access to his property. By their answer, the Davises denied the allegation that Isthmus Road was a town way and sought a dismissal of Craig's complaint.

Prior to trial, the Davises dismissed their counterclaim against Craig seeking a restraining order and damages for his alleged trespass on the Davises' land. After a hearing, the court issued its order finding, *inter alia:* "Within the past 50 years, no public funds were spent to maintain the road.

1. Pursuant to the provisions of 4 M.R.S.A. § 157–C (1989), Judge Gunther was assigned to the Superior Court for the trial of this matter.

2. Although the trial court in its findings stated that the County Commissioners had granted the Town's petition on March 2, 1976, it is clear from Craig's Exhibit No. 10 in evidence that the Commissioners viewed the road on March 2, 1976 and the Town's petition was granted on April 6, 1976.

Within the past 50 years, the Town of Parkman has not evidenced any intent to maintain the Isthmus Road as a town road." The court declared that pursuant to section 3026(1) that Craig shared with the public an easement retained over the discontinued Isthmus Road four rods in width and "[a]s between these parties, [Craig] has the right to clear and improve the way for the passage of vehicles, to remove the obstructions thereon, and to use the way for ingress and egress by vehicle." From the judgment entered accordingly, the Davises appeal.

The Davises contend that because Isthmus Road was discontinued before July 29, 1976, the effective date of 23 M.R.S.A. § 3026(1),[3] the trial court erred as a matter of law in concluding that a public easement existed pursuant to that section. We agree. Contrary to Craig's contention, it is clear from the documentary evidence in this case that Isthmus Road was a county road. On April 6, 1976, the date of the County Commissioner's order discontinuing the Isthmus Road, the statute governing the discontinuance of county roads provided in pertinent part:

> County Commissioners may lay out, alter, close for maintenance or discontinue highways leading from town to town and grade hills in any such highway. The county commissioners may close county roads for maintenance and preserve the right-of-way for the use of abutting landowners, and any others using said way for the access to their property, and public utilities and corporations with facilities legally located within said way, at their own risk. Nothing in any city charter shall be so construed as to deprive them of the power to lay out, alter, close for maintenance or

discontinue county roads within the limits thereof.

23 M.R.S.A. § 2051 (Supp.1974).

In 1976, a new chapter 304 of title 23 was enacted, providing for the laying out and discontinuance of public ways within municipalities. "A principal thrust of the new chapter was to shift most of the governmental responsibilities for those functions from the county commissioners to the municipalities. P.L.1975, ch. 711." *Board of Selectmen, etc. v. Kennebec County Comm'rs,* 393 A.2d 526, 528 (Me.1978). As part of that same enactment, section 2051 was amended to eliminate the county commissioners' former jurisdiction over laying out and discontinuing county ways except in unorganized areas of their counties, P.L.1975, ch. 711, § 1, and a new provision, 23 M.R.S.A. § 3026, gave the municipalities the power to discontinue "town ways" defined by the new provision 23 M.R.S.A. § 3021(3)(B) to include "[a]ll town or county ways not discontinued or abandoned before July 29, 1976," the effective date of the new act. Section 3026 further provided that when the municipality discontinued a town way that "unless otherwise stated in the [discontinuance] order, a public easement shall ... be retained...."

By the enactment of the new chapter 304 of title 23 and the corresponding amendment to 23 M.R.S.A. § 2051, the Legislature clearly provided that the only county ways within a municipality that would be affected were those "county ways not discontinued or abandoned before July 29, 1976." 23 M.R.S.A. § 3021. Because Isthmus Road was discontinued by the County Commissioners of Piscataquis County on April 6, 1976, the trial court erred as a matter of law in determining that pursuant to section 3026(1) a public easement was retained.

**3.** 23 M.R.S.A. § 3026(1) (1992) provides:

> **1. General procedures.** A municipality may terminate in whole or in part any interests held by it for highway purposes. A municipality may discontinue a town way or public easement after the municipal officers have given best practicable notice to all abutting property owners and the municipal planning board or office and have filed an order of discontinuance with the municipal clerk that specifies the location of the way, the names of abutting property owners and the amount of damages,

> if any, determined by the municipal officers to be paid to each abutter.
>
> Upon approval of the discontinuance order by the legislative body, and unless otherwise stated in the order, a public easement shall, in the case of town ways, be retained and all remaining interests of the municipality shall pass to the abutting property owners to the center of the way. For purposes of this section, the words "public easement" shall include, without limitation, an easement for public utility facilities necessary to provide service.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment for Omar M. Davis and Elizabeth A. Davis.

All concurring.