1997 ME 4

**HOULTON BAND OF MALISEET INDIANS**

v.

**Dana BOYCE, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 7, 1996.
Decided Jan. 6, 1997.

Ellen S. Maher (orally), Houlton, for plaintiffs.

Malcom S. Berman (orally), Houlton, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Defendants Dana Boyce, Sally Lindsay, Anthony Tomah, and Frederick Tomah appeal from an order of the Superior Court (Aroostook County, *Pierson, J.*) granting the Houlton Band of Maliseet Indians' motion for a summary judgment. They contend that the court lacks subject matter jurisdiction to enjoin them from interfering with tribal administrative business and to allow Katahdin Trust Co., the Band's bank, to pay the Band's funds to the tribal council without liability. They also argue that the court is precluded from entering a summary judgment because the Band failed to exhaust its available administrative remedies and because there are genuine issues of material fact in dispute. We affirm the judgment.

[¶ 2] In September 1995 the defendants were members of the Band's six-person tribal council when a dispute arose within the council. The defendants took over the tribal administration building located on the Band's property and refused to allow the other council members inside. Administrative functions ceased, including financial services provided by the Band for its members. Katahdin Trust Co. froze the Band's account.

[¶ 3] A meeting of the Band's general membership was held on October 1. A majority of those members present voted to remove the defendants from the tribal council and in their place elected replacements to serve until an election could be conducted in accordance with the Band's election ordinance. On October 2 the Band's chief, Clair Sabattis, wrote to the U.S. Department of the Interior, Bureau of Indian Affairs ("the Bureau") requesting that it recognize the council members elected on October 1. The Bureau refused Sabattis's request, but also refused to recognize the authority of the defendants to act on behalf of the Band.

[¶ 4] On October 4 Chief Sabattis and the new tribal council filed a complaint in the Band's name against the defendants and the Katahdin Trust Co., seeking both declaratory and injunctive relief. The Band requested that the court find: (1) the defendants were duly removed from the tribal council; (2) the temporary council members were duly elected; and (3) the Chief and the new tribal council could proceed with tribal business. The complaint also requested that the court enjoin the defendants from preventing entry into the administration building, and that Katahdin Trust be ordered to recognize the authority of the chief and the new council to control the Band's funds.[1] The Band simultaneously sought a temporary restraining order seeking the same relief. The court issued an order temporarily enjoining the defendants from interfering with tribal business, and ordering Katahdin Trust to disburse funds to the tribal council consisting of the four temporary members elected on October 1, Chief Sabattis, and the two remaining original members.

[¶ 5] After the defendants filed a motion alleging that the court lacked subject matter jurisdiction over internal tribal matters, the court modified its temporary restraining order to: 1) prohibit the defendants from preventing anyone's access to the administrative building; and 2) allow Katahdin Trust to recognize without liability the tribal chairman as the representative of the tribal government. The court declined to declare the

---

1. The defendants filed a complaint against Katahdin Trust Co. on October 3, 1995, seeking to compel Katahdin Trust to release the Band's funds. The court dismissed the complaint and the defendants appealed. We affirmed the dismissal in a summary affirmance dated June 20, 1996. On October 23, 1995, Katahdin Trust initiated an interpleader action against the Band and later moved to consolidate the action with the instant case. The Superior Court granted the motion.

legitimacy of any members of the tribal council.

[¶ 6] On January 23, 1996, the Band moved for a summary judgment attaching affidavits stating that the Band held a general election on December 30, 1995, in which six new tribal councilors were elected, and that the election results were certified by the Band's election supervisor as required by the tribal election ordinance. The Band requested that the court: 1) permanently enjoin the defendants from interfering with tribal administrative functions; and 2) allow Katahdin Trust to recognize Clair Sabattis and the council elected on December 30 as the Band's representatives. Without filing supporting affidavits, the defendants responded by alleging that the December election and certification were not conducted properly and contending that Chief Sabattis had not exhausted his available administrative remedies because he could have appealed the Bureau's refusal to recognize the validity of the October 1 election.

[¶ 7] The court granted the Band's motion for a summary judgment and permanently enjoined the defendants from interfering with tribal administrative functions and allowed Katahdin Trust to recognize the chief and the new council as the governing authority of the Band. The court again declined "to involve itself in the matter of tribal self-government, leaving such matters to the general membership of the Houlton Band of Maliseet Indians." The defendants appeal the court's summary judgment.

## I.

[¶ 8] The defendants contend that the court lacks jurisdiction to permanently enjoin them from acting as tribal councilors and allowing Katahdin Trust to recognize the newly elected councilors as the Band's governing body. They argue that the Band's action stems from an internal dispute over which the court does not have jurisdiction. The Band contends that the court properly declined to adjudicate these intratribal disputes and granted a summary judgment only on issues regarding public order, over which the court has jurisdiction pursuant to 30 M.R.S.A. §§ 6202, 6204 and 25 U.S.C. § 1725(a). We agree.

■ [¶ 9] The Maine Indian Claims Settlement Act, 25 U.S.C. §§ 1721–1735 (1983 & Supp.1996), provides:

[A]ll Indians, Indian nations, or tribes or bands of Indians in the State of Maine, other than the Passamaquoddy Tribe, the Penobscot Nation, and their members, and any lands or natural resources owned by any such Indian ... shall be subject to the civil and criminal jurisdiction of the State, the laws of the State, and the civil and criminal jurisdiction of the courts of the State, to the same extent as any other person or land therein.

25 U.S.C. § 1725(a) (1983). Maine's Act to Implement the Maine Indian Claims Settlement Act, 30 M.R.S.A. §§ 6201–6214 (1996), further provides that all "tribes and bands of Indians in the State ... shall be subject to the laws of the State and to the civil and criminal jurisdiction of the courts of the State to the same extent as any other person...." 30 M.R.S.A. § 6204 (1996). Finally, Maine's Act provides that "[t]he Houlton Band of Maliseet Indians and its lands will be wholly subject to the laws of the State." 30 M.R.S.A. § 6202 (1996). The defendants argue, however, that neither the federal nor state act alters the general rule that state courts are divested of jurisdiction if the exercise of jurisdiction over Indians or activities on Indian lands would interfere with tribal sovereignty and self-government. *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 15, 107 S.Ct. 971, 975–76, 94 L.Ed.2d 10 (1987) (citations omitted). They contend that the Band, like other Indian tribes, is a " 'distinct, independent political communit[y], retaining [its] original natural rights' in matters of local self-government." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55, 98 S.Ct. 1670, 1675, 56 L.Ed.2d 106 (1978) (quoting *Worcester v. Georgia,* 6 Pet. 515, 559, 8 L.Ed. 483 (1832)) (citations omitted). Disputes that involve only tribal members or matters of internal tribal policy must generally be maintained in tribal forums. *Wacondo v. Concha,* 117 N.M. 530, 532, 873 P.2d 276, 278 (Ct.App. 1994).

[¶ 10] Even if the Houlton Band of Maliseet Indians has the sovereign right to determine matters of self-government, the court's order does not improperly invade the Band's sovereignty. Rather, the order declines to review the legitimacy of the December 30 election. The court narrowly tailored its order to address the immediate crises created by the defendants' refusal to permit administrative functions of the Band to continue and Katahdin Trust's refusal to disburse the Band's funds. Both the Maine Indian Claims Settlement Act and the state's implementing act make clear that members of the Band are subject to state laws. Any incidental recognition of the Band's election dispute does not invalidate the court's order.

## II.

[¶ 11] The defendants next contend that the Band is not entitled to relief because it did not exhaust its available administrative remedies. We disagree. When a party seeks relief that is " 'beyond the jurisdiction of the administrative agency ... and when it would be futile for the plaintiffs to complete the administrative appeal process[,]' " the party need not exhaust its administrative remedies before seeking judicial relief. *Minster v. Town of Gray*, 584 A.2d 646, 648 (Me.1990) (quoting *Stanton v. Trustees of St. Joseph's College*, 233 A.2d 718, 724 (Me. 1967)). The Band could not turn to the Department of the Interior to address the immediate crisis created by the defendants' takeover of the tribal administration building and Katahdin Trust's refusal to disburse the Band's funds. Even if the Band had appealed the Bureau's refusal to recognize the October 1 election results, the December 30 election of a new tribal council rendered the October 1 election moot. An appeal of the Bureau's refusal to recognize the October 1 election results would not have provided relief.

## III.

[¶ 12] The defendants contend there are genuine issues of fact that preclude the court from entering a summary judgment for the Band, and that the court erred in granting a summary judgment because the Band's mo-

tion requested that the court recognize certain individuals as members of the tribal council who were different from those named in the Band's complaint.

[¶ 13] In their memorandum in opposition to the Band's motion the defendants asserted that the December 30 election was "bogus" and that the certification of the election results was not valid. They failed, however, to submit any affidavits or other material in support of their assertions. The party opposing a motion for a summary judgment "is obligated to produce specific controverting facts exposing the existence of a genuine issue." *Cloutier, Barrett, Cloutier & Conley, P.A. v. Wax*, 604 A.2d 42, 44 (Me.1992) (citation omitted). When a party moving for a summary judgment supports the motion with the proper supporting affidavits, " 'then the adverse party must respond by counteraffidavit setting forth the specific facts showing that there is a genuine issue for trial.' " *Haskell v. Town of Yarmouth*, 388 A.2d 100, 102 n. 5 (Me.1978) (quoting *Steeves v. Irwin*, 233 A.2d 126, 129 (Me.1967)). The Band supported its motion with an affidavit from its election supervisor stating that the December 30 election was conducted with proper notice and the results were uncontested by anyone in the Band, including the defendants. The defendants failed to respond with any counteraffidavit setting forth specific facts showing that there was a genuine issue for trial.

[¶ 14] Although the defendants assert that the election supervisor's affidavit is legally insufficient to support the motion and, therefore, they had no obligation to respond to it, they failed to raise this argument in the trial court. They filed two memoranda in opposition to the Band's motion for a summary judgment and neither of those responses asserted that the election supervisor was not competent to attest to the election results. Similarly, the defendants failed to argue in the trial court that the Band's motion for summary judgment requested relief that varied from its original complaint. Thus, they are precluded from raising these issues for the first time in this appeal. *See, e.g., Marston v. Newavom*, 629 A.2d 587, 591 (Me.1993).

The entry is:

Judgment affirmed.

