STATE OF MAINE
WALDO, ss

STATE OF MAINE
Waldo County Superior Court

SEP - 1 2000

REC'D AND FILED
Joyce M. Page, Clerk

SUPERIOR COURT
Docket No. CV-99-27
PTP - WAL - 9/1/2000

DEBORAH W. TECHENTIN,
　　　　Plaintiff,

　　　　v.

WALTER C. GREEN and
MARIKA K. GREEN,
　　　　Defendants.

)
)
)
)
)
)
)
)
)
)

ORDER ON MOTION
FOR SUMMARY JUDGMENT

*TITLE TO REAL ESTATE INVOLVED*

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment on Count I of Plaintiff's Amended Complaint. Plaintiff's Motion for Partial Summary Judgment on Defendant's Counterclaim was granted on June 8, 2000.

## FACTS

The following facts are undisputed: Title to each parties' own real property and the fact that there were no buildings on defendants' property when they received title. Defendant is constructing a primary residence on lot one.

The following additional facts are disputed and are viewed most favorably to Defendant: Defendants' violation of restrictive covenant one, seven, eight, and ten. Defendants' compliance with the plumbing code. Defendants' additional undisputed facts are either irrelevant, insufficient to establish a genuine issue of material fact, or not in compliance with the rules.

## DISCUSSION

A party is entitled to summary judgment if there are no genuine factual disputes and the party on the undisputed facts is entitled to judgment as a matter of

1

law. M.R.Civ.P. 56(c). The Court must review the evidence in the light most favorable to the nonmoving party. <u>Northeast Coating Techs., Inc. v. Vacuum Metallurgical Co., Ltd.</u>, 684 A.2d 1322, 1324 (Me. 1996). Because Plaintiff would have the burden of proof at trial, however, she must produce evidence sufficient to establish a *prima facie* case for each element of each cause of action advanced. <u>Id.</u> The party opposing a motion for summary judgment is "obligated to produce specific controverting facts exposing the existence of a genuine issue." *Id.* at ¶ 7 (quoting *Cloutier, Barrett, Cloutier & Conley, P.A. v. Wax*, 604 A.2d 42, 44 (Me. 1992)). Failure to controvert specific paragraphs in the moving party's statement of material facts constitutes noncompliance with M.R. Civ. P. 7(d)(2) and will result in the facts not properly controverted being deemed admitted. *Prescott v. State Tax Assessor*, 721 A.2d 169, 172 Me. 1998).

Defendant Marika Green does not object to entry of summary judgment on Count I of the Amended Complaint.

Plaintiff has established a violation of restrictive covenant one prohibiting commercial use of the property by referencing deposition testimony. That testimony establishes Mr. Green's commercial use of the property for Red Bear Logging Company. Walter Green testified that: "I have loaded, parked the truck next to, adjacent to my property, and on the subdivision road [overnight] with timber ready to go to the mill." (Plaintiff's Undisputed Statement of Facts - Ex. C - Dep. T. at 28, l. 2-7). Green admits that he sharpens the chain saw on the vice in the shop for his business, changes tires and oil, repairs the bed, replaces hydraulic hoses,

2

and inspects the operation of vehicles on the lot (Plaintiff's Undisputed Statement of Facts - Ex. C - Dep. T. at 28, l. 8-24).

Defendant submitted letters attempting to establish that logging work was done off-site, however, his own testimony establishes that he maintains and stores equipment on lot one. Walter Green's claims that commercial use is not prohibited by the restrictive covenants or comes under ordinary emergency uses are not supported by the record nor in case law. See Bennett v. Tracy, 740 A.2d 571 (Me. 1999) (holding restrictive covenant in deed, limiting use of property to only purpose of erecting one single family residence and outbuildings appropriate to residence, unambiguously prevented commercial use of primary structure built on property).

Plaintiff also establishes by deposition testimony that Defendant violated restrictive covenant number seven by not completing construction within eighteen months from the start of construction. Defendant's statement of undisputed fact five states he commenced structure in 1992. Defendant's obtained a building permit in 1994. Marika Green testified the foundation was dug approximately five years ago. (Plaintiff's Undisputed Statement of Facts - Ex. B - Dep. T. at 18, l. 3-16). Defendant, Walter Green, testified, that the house construction was ongoing in 1997, and that 2,000 board feet of lumber was used for posts, floor joist beams, floor joists, and sills in 1998 and 1999 (Plaintiff's Statement of Undisputed Facts - Ex. E - Dep. T. at 22, l. 5.).

Mr. Walter's claim that the preliminary injunction, issued by the District Court upon the parties' filing for divorce, prevented him from changing the real

3

estate is of no moment. Even if the injunction affects Defendant's construction progress, Plaintiff has established a violation of restrictive covenant seven based on Defendants' own testimony and Green's argument fails to establish a genuine issue of material fact.

Occupation of the cottage and shop prior to connection to the septic system is established by both Defendants' testimony. In fact, Walter Green admits having violated the plumbing code by using an outhouse (Plaintiff's Statement of Undisputed Facts - Ex. G - Dep. T. at 5, l. 1 - 15).

Defendant's letter from the plumbing inspector indicates that plumbing violations may be remedied. That letter, however, is not an affidavit and is not proof upon which this Court may rely in finding a genuine issue of material fact. M.R. Civ. P. 56(c).

Finally, Defendants have failed to raise a genuine issue of material fact to rebut Defendants' violation of restrictive covenant ten. Defendant admits parking vehicles greater than three quarter tons on or near lot one. (Plaintiff's Statement of Undisputed Facts - Ex. G. - Dep. T. at 8, l. 1-24). Letters submitted in attempts to justify the use of equipment in the subdivision are not in affidavit or proper form pursuant to M.R. Civ. P. 56(c). Even if the letters were in proper form, the information is insufficient to rebut Defendant's admission establishing his violation of the restrictive covenants.

The Court finds that the meager evidence proffered by Defendant is not enough. Furthermore, Defendant's opposition does not comply with M.R. Civ. P.

4

7(d)(2) as it does not controvert specific paragraphs in plaintiff's statement of undisputed facts. Plaintiff's statement of undisputed facts are deemed admitted. Defendant's statement is unsupported speculation which does not generate a genuine issue of material fact to preclude summary judgment for plaintiffs. M.R. Civ. P. 7(d)(2).

The docket entry is:

> Plaintiff's Motion for Partial Summary Judgment on Count I of Plaintiff's Amended Complaint is GRANTED.
>
> Defendant is enjoined from violating restrictive covenants one, eight and ten.
>
> Defendant shall comply with restrictive covenant seven no later than six months from the date of this Order.

Dated: 8|31|2000

Hon. Paul Pierson
JUSTICE, SUPERIOR COURT

5