STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-138
SKS-KEN- 9/8/2000

CLIFTON and LINDA SMALL,

    Plaintiffs

v.

SUMMARY JUDGMENT

TERRI FARNSWORTH, *et al.*,

    Defendants

This medical malpractice[1] case comes before the court for hearing on defendants' motion for summary judgment. The motion contains two arguments: (1) the plaintiffs have been unable to offer any evidence, expert or otherwise, on the issues of the standard of care or causation, and (2) defendant Terry Farnsworth is a immune as a matter of statute. The court agrees with the defendants on both points.

## Background

On March 13, 1997, plaintiff Clifton Small took his daughter Kelsey to the emergency room at the Kennebec Valley Medical Center for examination due to an altercation earlier that day. Defendant Farnsworth was called in by the hospital staff

---

[1]At the time the plaintiffs filed their complaint, they identified it on the "complaint summary sheet" as a "medical malpractice" action. The matter subsequently was treated as if it were a medical malpractice case, including assignment to a pre-litigation screening panel. The notice of claim was dismissed by the panel chair before a panel was even selected, based on the lack of expert evidence proferred by the plaintiffs. The court is uncertain whether this was truly a medical malpractice case from the start since the complaint is completely silent as to the nature of the injury being claimed. The complaint contains allegations of negligence against each of the defendants and asks the court to enter judgment in the plaintiffs' favor, but never alleges how the defendants' negligence, if any, caused injury to the plaintiffs. Thus, the complaint could also have been attacked by a motion to dismiss for failure to state a claim. M.R. Civ. P. 12(b)(6).

1

to evaluate Kelsey. Upon completing the evaluation, Farnsworth called the Department of Human Services, Child Protective Services, to report statements which led her to believe that another child in the household was being abused. The plaintiffs subsequently filed their notice of claim and complaint alleging that Farnsworth and her employer were somehow negligent in this process of interviewing Kelsey and making the report to Child Protective Services.

The defendants' motion for summary judgment was accompanied by their required statement of material facts not in dispute. M.R. Civ. P. 7(d). However, the plaintiffs failed to respond to the defendants' Rule 7(d) statements and since they were not properly controverted, the defendants' material facts will be deemed admitted.

## Discussion

"A summary judgment is proper when the party that bears the burden of proof on an essential element at trial has presented evidence that, if she presented no more, would entitle the opposing party to a judgment as a matter of law." *June Roberts Agency v. Venture Properties, Inc.*, 676 A.2d 46, 48 (Me. 1996). This means that the party opposing a motion for summary judgment "must establish a prima facie case for each element of his cause of action." *Barnes v. Zappia*, 658 A.2d 1086 (Me. 1995). The party opposing a motion for summary judgment is "obligated to produce specific controverting facts exposing the existence of a genuine issue." *Id.* at 7, *quoting Cloutier, Barrett, Cloutier & Conley, P.A. v. Wax*, 604 A.2d 42, 44 (Me. 1992). In the present case, the Smalls have not specifically controverted any facts

which expose a genuine issue. Among the uncontroverted facts are that the plaintiffs' only expert witness has testified under oath that Farnsworth met the appropriate standard of care. Further, the plaintiffs present no evidence at all which could be presented to the factfinder on the issue of how any negligence on the defendants' part caused any injury to the plaintiffs. In medical malpractice cases, the plaintiffs must prove both negligence in the sense of violation of an applicable standard of care, and causation. Both the standard of care and the causal relationship must be demonstrated by expert testimony on the subject. *Merriam v. Wanger*, 2000 ME 159, ¶ 17. The plaintiffs have completely failed to establish a prima facie medical malpractice action and the defendants' motion must be granted.

The court also agrees with the defendants on the second issue raised in their motion. Defendant Farnsworth cannot be held liable as a result of her report to the Department of Human Services as a matter of statute. 22 M.R.S.A. §§ 4011 & 4014(1), (3) (Supp. 1999).

For the reasons stated above, the entry will be:

Defendants' motion for summary judgment GRANTED. The clerk will enter summary judgment for the defendants on all counts.

Dated: September 28 , 2000

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __9/8/99__ — __Kennebec__ — Docket No. __CV98-138__

County

Action __Medical Malpractice__

NOV 14 2000

# J. STUDSTRUP

Clifton and Linda Small                    vs.    Terri L. Farnsworth n/k/a Macleod, & Kenn ~~Mental Health Assoc.~~

| Plaintiff's Attorney | Defendant's Attorney Thomas V Laprade Esq. |
|---|---|
| Stanley E Sproul Esq<br>6 West Crescent St<br>Augusta Me 04330 | Philip M. Coffin, III, Esq.   (10/12/99)<br>477 Congress St.<br>P.O. Box 15215<br>Portland, Maine 04101 |

| Date of Entry | |
|---|---|
| 9/8/99 | Complaint filed.  s/Sproul Esq<br>Case file notice card mailed to Atty. |
| 9/22/99 | Acknowledgement of Service, filed. s/Coffin, III, Esq.<br>Acknowledgement of Service, filed. s/Coffin, III, Esq. |
| 10/12/99 | Answer of defendants filed.  s/Laprade Esq |
| 10/13/99 | SCHEDULING ORDER, MARDEN, J.<br>Discovery deadline is June 13, 2000.<br>Copies mailed to attys of record. |
| 10/15/99 | ORDER ON DHS RECORDS, Atwood, J.<br>Copies mailed to attys of record. |
| 11/22/99 | Notification of Discovery Service, filed. s/Laprade, Esq.<br>Defendants' Request for Admissions by the Plaintiffs and Defendants'<br>Interrogatory Propounded on the Plaintiffs served on Stanley E. Sproul,<br>Esq. on 11/8/99 |
| 12/8/99 | Plaintiffs answers to defendants requests for admissions and answer to<br>interrogatory filed.  s/Sproul Esq |
| 1/14/00 | Plaintiffs' Designation of Expert Witnesses, filed. s/Sproul, Esq. |
| 3/15/00 | Notification of Discovery Service, filed. s/Laprade, Esq.<br>Defendants' Designation of Expert Witness for Trial served on Stanley E.<br>Sproul, Esq. on 3/13/00 |
| 6/19/00 | Defendants motion for summary judgment with incorporated memorandum of<br>law filed.  s/Coffin III Esq<br>Defendants statement of material facts not in dispute in support of<br>defendants motion for summary judgment filed.  s/Coffin III Esq |
| 6/21/00 | Response to Motion for Summary Judgment, filed. s/Sproul, Esq. |