STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO., AP-01-22

DONALD L. GARBRECHT
LAW LIBRARY

SEP 3 2002

DANIEL LIMOLI,

    Petitioner

    v.

MAINE REVENUE SERVICE,

    Respondent

**DECISION AND ORDER**

This matter is before the court on the respondent's motion for summary judgment and the petitioner's 80C petition for review of the decision of the State Tax Assessor.

Petitioner Daniel Limoli petitions for a review of an assessment of use tax for the month of February, 2000, on a 1996 Freightliner truck. Petitioner purchased the truck from Whited Ford on February 15, 2000. At the time of the purchase, petitioner signed an affidavit certifying that the truck was exempt from Maine sales and use tax, pursuant to 36 M.R.S.A. § 1760(41),[1] as an instrumentality of interstate commerce. No sales tax was paid on the purchase price.

---

[1] The statute reads, in relevant part:
    No tax on sales, storage or use shall be collected upon or in connection with . . .

    (41) The sale of a vehicle . . . which is placed in use by the purchaser as an instrumentality or interstate or foreign commerce within 10 days after that sale and which is used by the purchaser not less than 80% of the time for the next 2 years as an instrumentality of interstate and foreign commerce. For purposes of this subsection, property is "placed in use as an instrumentality of interstate or foreign commerce" by its carrying of, or providing the motive power for the carrying of, a bona fide payload in interstate or foreign commerce, or by being dispatched to a specific location at which it will be loaded upon arrival with, or will be used as motive power for the carrying of, a payload in interstate or foreign commerce. . .

On February 17, 2000,[2] the petitioner leased the truck to Landstar Ligon, Inc. (Landstar) and agreed to operate it for them transporting freight. Petitioner operated the truck under Landstar's certificate from the Interstate Commerce Commission (ICC).

The State Tax Assessor (Assessor) determined that the petitioner could not be deemed to have used the truck as an instrumentality of interstate commerce because Maine Revenue Service Rule 318.01 provides that "personal property is not used as an instrumentality of interstate or foreign commerce by a person who leases that property to another person who, in turn, uses that property as an instrumentality of interstate or foreign commerce . . ." Accordingly, the Assessor issued a use tax assessment on the truck totalling $1,066.81, including interest and penalties.

Petitioner sought reconsideration of the assessment, but it was upheld by a decision issued March 2, 2001. 30 days later, the petitioner filed this appeal.

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Saucier v. State Tax Assessor*, 2000 ME 8, 4, 745 A.2d 972, 974. "A genuine issue of material fact is present only when 'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.' " *Francis v. Stinson*, 2000 ME 173, 37, 760 A.2d 209, 217 (quoting *Prescott v. State Tax Assessor*, 1998 ME 250, 5, 721 A.2d 169, 171-72).

The Superior Court serves as the forum of origin for a determination of both facts and law when reviewing decisions of the State Tax Assessor. 36 M.R.S.A. § 151

---

[2] The petitioner's brief lists the date as Feb. 17, 2001, which appears to be scrivener's error. The lease is dated 2/16/00, Record, Tab C, and the petitioner asserts he put the truck into service 2 days after the purchase date, Pet.'s Brief, ¶ 5.

(1990 & Supp. 2001). On review of a decision of the Assessor, this court "shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact or law." Id. "The burden of proving that a transaction was not taxable shall be upon the person charged with tax liability." 36 M.R.S.A. § 1763 (1990); *see also* 36 M.R.S.A. § 151 ("The burden of proof is on the taxpayer."). "The well settled principle that taxation is the rule and tax exemption is the exception places the burden on the [taxpayer] to bring its request unmistakably within the spirit and intent of the claimed exemption." *SST & S, Inc. v. State Tax Assessor*, 675 A.2d 518, 521 (Me. 1996).

As a preliminary matter, the petitioner, filing pro se, has failed to comport with the requirements of M.R. Civ. P. 56(h)(2) in opposing the Assessor's Statement of Material Facts. The party opposing a motion for summary judgment is "obligated to produce specific controverting facts exposing the existence of a genuine issue." *Id.* at ¶ 7 (quoting *Cloutier, Barrett, Cloutier & Conley, P.A. v. Wax*, 604 A.2d 42, 44 (Me. 1992)). Failure to controvert specific paragraphs in the moving party's statement of material facts constitutes noncompliance with M.R. Civ. P. 7(d)(2) and will result in the facts not properly controverted being deemed admitted. *Pratt v. Ottum*, 2000 ME 203, ¶ 15 n.8, 761 A.2d 313, 318; *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 6, 721 A.2d 169, 172. Accordingly, the facts adduced by the Assessor in support of his motion for summary judgment shall be deemed admitted. M.R. Civ. P. 56(h)(4).

The petitioner contends the Assessor has misapplied MRS Rule 318.01. The intent of that rule, he argues, is to tax the purchaser who is engaged in a pure leasing activity and has no other involvement with the use of the instrumentality. In this case, the petitioner is the only person to have "used" (read: operated) the vehicle in interstate

3

commerce and therefore he maintains that he is entitled to the sales and use tax exemption.

The Assessor moves for summary judgment based on two Law Court cases that decide this issue in his favor. In *Robbins v. State Tax Assessor*, 536 A.2d 1127 (Me. 1998), the Court interpreted "use"within the intent of 36 M.R.S.A. § 1760(41) will be attributed to the lessee of a vehicle under whose ICC authority a truck is operated. In a later case, the Court continued its analysis by examining ICC lease requirements and it again found that it was the lessee, not the truck owner, who placed the truck in use because the lease required the owner to give the lessee exclusive control over the truck. *R&B Langley, Inc. v. State Tax Assessor*, 542 A.2d 1, 3 (Me. 1988). As current federal regulations require the ICC holder to have exclusive control for the duration of the lease, the Assessor urges the court to view Landstar's lease with the petitioner as a grant of exclusive control, even though that exact language is not present in the document. See Record, Tab C. If Landstar has control and the ICC authority, it is Landstar and not the petitioner who have placed the truck into interstate commerce.

The petitioner maintains that his case is distinguishable from *Robbins* and *R&B Langley* because he has entered into a "lease-back" arrangement with Landstar. As evidence of this agreement, he has attached page two of a lease agreement captioned "Exhibit A" which he contends grants him, as lessee, exclusive control and responsibility for the vehicle. He has provided no affidavit for this document, nor any title or signature page evidencing that it is what it purports to be. Even if this arrangement exists as presented, it is still Landstar who is authorized by the ICC to operate the truck in interstate commerce. Landstar's ICC license number was entered on the affidavit signed by the petitioner at the time of purchase, Record, Tab B, and on the Statement of

4

Lease and Receipt for Equipment, id.,Tab C.  *See also* 49 C.F.R. 376.12(c), Exclusive Possession and Responsibilities.  Assuming that Landstar's lease comports with the ICC requirements that the "authorized lessee have exclusive possession, control, and use of the equipment for the duration of the lease," 49 CFR 376.12(c)(1), then Landstar must be deemed to be "using" the truck as an instrumentality in interstate commerce. Accordingly, the Assessor is entitled to judgment on the 80C appeal.

For the reasons stated above, the entry will be:

The decision of the State Tax Assessor dated March 2, 2001: Request for Reconsideration of the November 25, 2000 Use Tax Assessment for the period February 1, 2000 through February 29, 2000. Taxpayer ID#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; MATS #295034S Compliance Division is AFFIRMED.

Dated: _July 31, 2002_

_____
Donald H. Marden
Justice, Superior Court

Date Filed __4/2/01__ __Kennebec__ Docket No. __AP01-22__
County

Action __Petition for Review__
80C

J. MARDEN

Daniel Limoli                        vs.        Maine Revenue Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Daniel Limoli, Pro Se<br>55 El Vel Vel Circle<br>Wells, Maine 04090-6353 | Crombie J.D. Garrett, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 4/4/01 | Petition for Review  filed. s/Limoli, Pro Se |
| 4/12/01 | Letter entering appearance, filed. s/Garrett, AAG    (filed 4/11/01) |
| 2/15/02 | Notification of Discvoery Service, fled. s/Garrett, Jr., AAG<br>Respondent's First Request for Production of Documents served on Daniel Limoli, Pro Se on 2/13/02. |
| 3/5/02 | Petitioners Reply to Respondents First Request for Production of Documents filed. s/Limoli, Pro Se<br>Certificate of Service, filed. s/Limoli, Pro Se |
| 3/21/02 | Respondent's Motion for Summary Judgment and Incorporated Memorandum of Law, filed. s/Garrett, AAG.<br>Respondent's Statement of Undisputed Material Facts, filed. s/Garrett, AAG<br>Affidavit of Pamela Stutch, filed.<br>Affidavit of Crombie Garrett, filed.<br>Request for Hearing, filed. |
| 4/9/02 | Petitioners Answers to Respondents Motion for Summary Judgment, filed. Limoli, Pro Se    (attached exhibit A)<br>Certificate of Service, filed. s/Limoli, Pro Se |
| | Notice of setting for__7/2/02__<br><br>sent to attorneys of record. |
| 8/1/02 | DECISION AND ORDER, Marden, J.<br>    The decision of the State Tax Assessor dated March 2, 2002:<br>Request for Reconsideration of the November 25, 2000 Use Tax Assessment for the period February 1, 2000 through February 29, 2000. Taxpayer ID#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; MATS #295034S Compliance Division is AFFIRMED.<br>Copies mailed to Pro Se Plaintiff and atty. of record.<br>Copies mailed to Garbrecht Law Library, Deborah Firestone and Donald Goss. |