1998 ME 109

**Deborah NILSEN**

v.

**Richard HANSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 22, 1997.
Decided May 14, 1998.

Deborah F. Nilsen, Scarborough, for plaintiff.

Richard H. Hanson, Scarborough, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1]  Defendant Richard Hanson appeals from a judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) affirming a divorce judgment entered in the District Court (Portland, *Bradley, J.*).  He argues, *inter alia*, that the court erred in determining the marital status of a limited partnership interest and the family resi-

dence. Finding no error, we affirm the judgment.

[¶ 2] This lengthy litigation may be summarized as follows: plaintiff Deborah F. Hanson, n/k/a Deborah F. Nilsen, and defendant Richard H. Hanson were married in 1984 and had two children during their marriage. Deborah filed a complaint for divorce in 1992. Judgment was entered in the District Court in 1993, and Deborah appealed that judgment to the Superior Court. In 1994, the Superior Court vacated the judgment and remanded for a new trial. After a second trial, the present judgment was entered in the District Court in 1996. Richard then appealed and the Superior Court affirmed the judgment. He now appeals to this Court.

[¶ 3] Richard first argues that the District Court erred in finding that his limited partnership interest in Howard A. Goldenfarb Associates (HAG) was marital property. The partnership interest was valued at $1,000. The court's "determination of what property is marital or nonmarital is reviewed for clear error, and will not be disturbed if there is competent evidence in the record to support it." *Williams v. Williams,* 645 A.2d 1118, 1119–20 (Me.1994). Property acquired during the marriage is presumed to be marital property, 19 M.R.S.A. § 722–A(3) (1998), *repealed and replaced by* P.L.1995, ch. 694, § B–1 (effective October 1, 1997), *codified as* 19–A M.R.S.A. § 953(3), but that presumption can be overcome by a showing that property was received in exchange for property acquired prior to the marriage. 19 M.R.S.A. § 722–A(2)(B) (1998), *repealed and replaced by* P.L.1995, ch. 694, § B–1 (effective October 1, 1997), *codified as* 19–A M.R.S.A. § 953(2)(B). Richard presented testimony that he received the limited partnership interest in exchange for a similar interest in Ram Development. This latter interest had been acquired by him prior to the marriage. Richard and others testified that, notwithstanding contrary documentation, the transaction in substance involved an exchange of one partnership interest for another. The court did not clearly err in rejecting this testimony and accepting the documentation.

Because of the statutory presumption, the court did not err in finding that the limited partnership interest in HAG was marital property.

[¶ 4] The court divided the $1,000 value of the limited partnership interest equally between the partners, but made no express provision for payment. Because the limited partnership interest could not be assigned without the consent of the general partner, the court's division of the interest must necessarily be read as requiring Richard to immediately pay Deborah the value of the one-half interest, i.e. $500.

[¶ 5] Further, we find no clear error in the court's determination that the family residence had a nonmarital component and a marital component and that the marital component was in the amount of $29,385. Richard purchased the property and built a residence thereon prior to the marriage. At the time of the marriage, the property had an outstanding first mortgage. "Since mortgage payments were made during the marriage, the presumption that the property was marital applies." *Williams,* 645 A.2d at 1122. To overcome the presumption, Richard had the burden of proving the nonmarital portion of the property. *Williams,* 645 A.2d at 1122. We find no error in the court's calculation of the value of the marital interest by subtracting from the present value of the property the current outstanding first mortgage balance and the value of defendant's nonmarital interest in the property at the time of the marriage. *Williams,* 645 A.2d at 1120. Nor do we find any error in the court's treatment of the second mortgage, placed on the premises during the marriage. Moreover, without evidence concerning the basis for appreciation in the value of the home, Richard failed to prove that the increased value was not marital. *Williams,* 645 A.2d at 1121 (citing *Macdonald v. Macdonald,* 532 A.2d 1046, 1050 (Me.1987)). Defendant's remaining arguments are without merit and require no discussion.

The entry is:

Judgment affirmed.

CLIFFORD, Justice, concurring, with whom RUDMAN, J., joins.

[¶ 6] Although I cannot disagree that the trial court applied the provisions of 19 M.R.S.A. § 772–A in a technically correct manner, nevertheless, I write separately to state my concern that in litigating what property is marital and what is nonmarital, too little significance is being attached to former section 722–A(2)(E). Former section 722–A now exists as 19–A M.R.S.A. § 953 (1998).[1] Section 953 provides, in pertinent part, as follows:

**§ 953. Disposition of property**

. . . .

**2. Definition.** For purposes of this section, "marital property" means all property acquired by either spouse subsequent to the marriage, except:

. . . .

**E.** The increase in value of property acquired prior to the marriage.

**3. Acquired subsequent to marriage.** All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of coownership such as joint tenancy, tenancy in common, tenancy by the entirety or community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2.

Section 953(3) operates to raise a presumption that all property acquired subsequent to the marriage is marital. The increase in equity to theretofore nonmarital property resulting from mortgage payments made during the marriage is property acquired during the marriage and becomes marital property. *Noyes v. Noyes,* 617 A.2d 1036, 1038 (Me. 1992); *Hall v. Hall,* 462 A.2d 1179, 1181–82 (Me.1983). Similarly, increases in the value of theretofore nonmarital property attributable to the use of marital funds, or to marital effort invested in the property becomes marital, because those increases are property acquired during the marriage within the meaning of section 953(3). *Knowles v. Knowles,* 588 A.2d 315, 317 (Me.1991); *Macdonald v. Macdonald,* 532 A.2d 1046, 1050 (Me.1987).

[¶ 7] When there is an increase in the value of theretofore nonmarital property during the marriage that is *not* attributable to marital funds or to marital effort, that increase is *not* "property acquired . . . subsequent to the marriage" within the meaning of section 953(3). Rather, pursuant to section 953(2)(E), it is nonmarital property because it represents an increase in the value of property acquired prior to the marriage. The language of section 953(2)(E) reflects that we are not a community property State, but are governed by principles of equitable distribution. *Salenius v. Salenius,* 654 A.2d 426, 429 (Me.1995).[2]

[¶ 8] The Scarborough residence was purchased by Richard with nonmarital funds prior to the marriage. At the time of the marriage, the property had a value of $120,000 and was subject to a first mortgage with an outstanding balance of $74,890. Thus, the nonmarital equity at the time of the marriage was $45,110. At the time of the divorce, the value of the property had increased by $17,000 to $137,000. Payments of $12,385 on the first mortgage made during the marriage reduced the mortgage balance to $62,505 and, coupled with the increase in the value of the property, increased the equity by $29,385. Although the $12,385 mortgage reduction is properly credited to the marital estate, the court assigned the *entire* $29,385 increase in the equity of the property to the marital estate, even though, except for the $12,385 mortgage pay down, there was *no* evidence of marital contribution or effort that could be said to be responsible for that in-

---

1. Title 19 was repealed and replaced by Title 19–A. P.L.1995, ch. 694, §§ B–1, B–2 (effective Oct. 1, 1997).

2. "In a community property state, the spouse acquires a *'present vested* undivided one-half interest in all property acquired during the existence of the marital relationship' regardless of the state of title. . . . By contrast, in an equitable distribution state, such as Maine, each spouse retains sole interest in property held in his or her name, subject to the right of the other spouse to equitable distribution." *Salenius v. Salenius,* 654 A.2d 426, 429 (Me.1995) (citations omitted).

crease. In *Hall,* we said that the value of otherwise nonmarital property that is enhanced by the use of marital funds or marital effort becomes marital, but only *to the extent of that enhancement.* 462 A.2d at 1182.

[¶ 9] It is not uncommon for real estate in growing communities such as Scarborough to show substantial increases in value. Here, in the absence of any evidence of investment of marital funds or marital effort to improve the property beyond the mortgage payments, it is likely that at least a *portion* of the $17,000 increase in the value of Richard's property, resulted from a higher real estate market, and accordingly, pursuant to 19 M.R.S.A. § 722–A(2)(E) (now 19–A M.R.S.A. § 953(2)(E)) would be credited to the nonmarital estate. Unfortunately for Richard, however, who represented himself, he presented no evidence of increases in real estate market value. Accordingly, the presumption that any increase in the value of nonmarital property is property acquired during the marriage requires that the trial court's determination of marital property be affirmed.