2001 ME 58

**Martin SCHINDLER**

v.

**Deborah NILSEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 2001.

Decided April 12, 2001.

---

Thomas A. Dyhrberg, South Portland, for plaintiff.

Deborah Nilsen, Scarborough, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Deborah Nilsen appeals from a judgment of the Superior Court (Cumberland County, *Mills, J.*) granting Martin Schindler's motion for a summary judgment in his breach of contract action for nonpayment of attorney fees. Nilsen contends that the Superior Court erred in concluding that Schindler had satisfied his burden of establishing that there were no genuine issues of material fact in dispute and that he was entitled to a judgment as a matter of law. *See* M.R. Civ. P. 56(c). Because the available record does not resolve factual disputes regarding the method or reasonableness of the interest calculation, we vacate and remand for further consideration.

## I. CASE HISTORY

[¶ 2] Martin Schindler is an attorney. In 1992, Deborah Nilsen retained Schindler to represent her in what ultimately became an extended and highly contentious divorce proceeding and related protection from abuse proceedings. The fee agreement called for payment of a retainer plus fees and expenses and interest at a rate of 1.5% per month on balances due more than sixty days. Schindler's bills to Nilsen state: "A Finance Charge of 1.5% per month (18% per annum) will be added on all balances outstanding after 60 days."

[¶ 3] At the divorce hearing in August 1993, Nilsen testified under oath that she had paid Schindler a retainer of $2500, had paid an additional $750, and owed Schindler a balance of $11,581. Additional expenses were incurred during and after the divorce hearing which added to this sum. The divorce judgment was appealed and vacated.[1] Schindler's representation of Nilsen ceased at some point, and the divorce proceedings continued with Nilsen representing herself. *See* n. 1. By December 1993, approximately when his representation of Nilsen terminated, Schindler was owed $12,682 for fees and expenses. These expenses included substantial communication and preparation costs related to three days of hearings incident to the divorce judgment and seven days of pretrial hearings or mediations for the divorce or related protection from abuse matters.

[¶ 4] The abbreviated record in this proceeding, based primarily on the materials filed by the parties in support of and in opposition to Schindler's motion for a summary judgment, does not indicate what efforts Schindler may have undertaken to collect the fees due over the course of the next several years or what reasons there may have been for delays in collection efforts. The record also does not resolve an apparent ambiguity as to whether the 1.5% per month interest rate is simple interest, calculated on the balance due for fees and services, or compound interest.[2] The record indicates that Schindler was aware that despite acknowledging substantial sums due while testifying under oath, Nilsen was unwilling to pay the sums claimed to be due.

---

1. *See Nilsen v. Hanson,* 1998 ME 109, ¶ 2, 709 A.2d 1190, 1191 (discussing the lengthy litigation following entry of the initial divorce judgment).

2. The record does not include any signed fee agreement. It includes bills stating an interest rate of "1.5% per month (18% per annum)" on balances due more than sixty days, and a blank fee agreement form which Schindler asserts is similar to one Nilsen signed.

[¶ 5] In 1999, Schindler wrote to Nilsen inviting her to submit the fee dispute to the Fee Arbitration Commission pursuant to M. Bar R. 9. Nilsen refused to do so.

[¶ 6] In February 2000, Schindler commenced the present action to collect the fees due and owing, including the underlying bill of $12,682 and approximately $22,000 in interest which he asserted had accrued in accordance with the fee agreement over the years since 1993. Schindler then filed a motion for a summary judgment. See M.R. Civ. P. 56. The motion was supported by a statement of material facts in accordance with former M.R. Civ. P. 7(d)(1) (now M.R. Civ. P. 56(h)). In his statement of material facts, properly supported by an affidavit and a copy of his bill for fees and expenses, Schindler asserted that the $12,682 was due and owing and that the agreement with Nilsen included a commitment to pay interest at a rate of 1.5% per month on balances unpaid for more than sixty days. The statement of material facts included the claim for approximately $22,000 in interest accrued on the bill. This sum appears to have been calculated using interest compounding (i.e., charging interest on accrued interest).

[¶ 7] Although Nilsen filed a timely opposition to Schindler's motion for a summary judgment, she neglected to file a responding statement of material facts in dispute. See former M.R. Civ. P. 7(d)(2) (now M.R. Civ. P. 56(h)). Nilsen's opposition, while asserting "discrepancies and misrepresentations" in Schindler's materials, did not specifically contest either the $12,682 due on the bill or the 1.5% per month interest rate, but did challenge the overall amount of Schindler's claim. Because it was not properly contested, Schindler's statement of material facts is

"deemed to be admitted" for purposes of this proceeding. See *Pratt v. Ottum,* 2000 ME 203, ¶ 15 n. 8, 761 A.2d 313, 318; *Saucier v. State Tax Assessor,* 2000 ME 8, ¶ 5, 745 A.2d 972, 974; *Prescott v. State Tax Assessor,* 1998 ME 250, ¶ 6, 721 A.2d 169, 172.[3] See also *Cloutier, Barrett, Cloutier & Conley, P.A. v. Wax,* 604 A.2d 42, 44 (Me.1992).

[¶ 8] At the hearing on Schindler's motion for a summary judgment, Nilsen presented an affidavit contesting Schindler's claim for attorney fees. In her affidavit, Nilsen asserted that Schindler had undertaken to represent her through the entire divorce proceedings for $3000, which she had already paid to Schindler. The court refused to consider Nilsen's affidavit because it was filed beyond the twenty-one days required for filing a statement of material facts and other material in opposition to a motion for a summary judgment. See M.R. Civ. P. 7(c)(2). The court then entered a summary judgment for Schindler for his attorney fees and his claimed interest, and Nilsen brought this appeal.

## II. DISCUSSION

[¶ 9] Before us, Nilsen urges that the Superior Court erred in refusing to consider and accept her claim that Schindler agreed to represent her through the entire divorce and protection from abuse proceedings for the total sum of $3000. Even if Nilsen had timely filed her affidavit, supporting a proper statement of material facts, the court could not have considered the claim made in Nilsen's affidavit since it was directly contrary to her own prior sworn testimony. In summary judgment practice, a party may not submit an

---

**3.** At the time of the Superior Court's consideration of this matter, the rule that uncontested statements of material facts are deemed admitted was stated in M.R. Civ. P. 7(d)(2). Effective January 1, 2001, that rule is now stated in M.R. Civ. P. 56(h).

affidavit attempting to create a dispute as to material facts by making statements contrary to statements in that party's own prior sworn testimony. *See Zip Lube, Inc. v. Coastal Savs. Bank,* 1998 ME 81, ¶ 10, 709 A.2d 733, 735.

[¶ 10] Thus, for two reasons, the trial court properly refused to consider Nilsen's claim that Schindler agreed to represent her for $3000. First, because Nilsen did not timely assert this claim in a responding statement of material facts, Schindler's statement of material facts was properly deemed admitted. Second, because Nilsen's claims in her affidavit were directly contrary to her prior sworn testimony that she owed Schindler substantial sums in addition to those previously paid, she was appropriately prevented from creating a dispute as to material facts on that issue. *See id.*

[¶ 11] For us to allow Nilsen's otherwise unsupported assertion to be considered on appeal, despite her prior sworn testimony to the contrary, we would have to determine either as a matter of law or as a matter of fact, but without support on the record, that Schindler's fee of $15,132 for 126.10 hours of work, plus expenses of $615.82, is arguably unreasonable or excessive. *See* M. Bar R. 3.3(a).[4] However, a fee of $15,132 for 126.10 hours work, plus expenses of $615.82, is not, as a matter of law, unreasonable or excessive.

[¶ 12] The rules regarding summary judgment practice are designed precisely to discourage last minute and other-wise unsupported claims presented at hearing from creating disputes as to material facts where, in reality, none exist. On the record that was properly before the trial court, there was no dispute as to material facts regarding the amount or reasonableness of Schindler's fee.

[¶ 13] The same analysis applies to the 1.5% per month interest rate.[5] While a Fee Arbitration Panel may have decided differently had Nilsen elected to use that process, *see* M. Bar R. 9, we cannot rule as a matter of law that a fee agreement for an interest rate of 1.5% per month on an overdue bill is unreasonable or excessive. Such interest rates are set, in part, to give parties an incentive to pay bills on time. Thus, they tend to be higher than interest rates on some loans, and understandably so. For the same reason, to promote payment, the basic post-judgment interest rate on our own judgments is 1.25% per month, *see* 14 M.R.S.A. § 1602–A(1) (Supp. 2000), and it may go even higher depending on the price of 52–week treasury bills immediately prior to the time the interest rate is to be calculated. *See* 14 M.R.S.A. § 1602–A(2) (Supp.2000).

[¶ 14] Although the agreement to pay a monthly interest rate on unpaid balances is established without dispute as to material facts, the calculations to achieve the $22,000 in interest claimed to be due are more problematic. Nilsen's timely opposition to Schindler's motion for a summary judgment did contest the over-

---

4. The first two sentences of M. Bar R. 3.3(a) state:

    (a) **Excessive Fees.** A lawyer shall not enter into an agreement for, charge, or collect an illegal or excessive fee. A fee is excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee ....

The rule then lists a series of factors to be considered in determining reasonableness.

5. This case is distinguishable from *Cloutier, Barrett, Cloutier & Conley* on enforceability of the 1.5% interest rate because here the existence of an agreement to pay 1.5% interest is established by the uncontested statement of material facts in support of Schindler's motion for a summary judgment.

all sum claimed to be due. Her failure to file a timely statement of material facts in opposition to Schindler's motion does not operate as a waiver of this challenge because her challenge presents a mixed question of fact and law for the Court to resolve. The statement of material facts asserted that approximately $22,000 in interest was due. However, in describing the nature of the contract between Schindler and Nilsen, the statement nowhere indicated that Nilsen had contracted to pay compound interest rather than simple interest on any overdue balances. The interest calculation was clearly made, however, using interest compounding of some nature.[6]

[¶ 15] Whether a contract is ambiguous is a question of law for the Court. *See Hilltop Cmty. Sports Ctr. v. Hoffman,* 2000 ME 130, ¶ 19, 755 A.2d 1058, 1063. Resolution of any ambiguity is a question of fact for the trial court. *See id.* ¶ 21, 755 A.2d at 1063. The contract term at issue in this case is the statement that "1.5% per month (18% per annum)" interest will be charged on balances due more than sixty days. This term is ambiguous as to whether the interest rate is simple or compound and thus whether the interest rate is applied to only the unpaid balance for fees and services or, additionally, the unpaid interest already charged and more than sixty days overdue. Although the "18% per annum" reference suggests a simple interest calculation, neither Schindler's statement of material facts nor anything else in the record purports to resolve this ambiguity.

[¶ 16] Because resolution of the ambiguity was essential to the calculation of the amount of the judgment, summary judgment is precluded because a material fact—the method of interest calculation—

is not resolved in the record. It may have been possible for the trial court to decide that, in the absence of a specific agreement to the contrary, simple interest would apply. *See Cloutier, Barrett, Cloutier & Conley,* 604 A.2d at 45. However, the trial court did not take that approach and accepted the higher, compound interest calculation despite the uncertain basis for it in the record. Accordingly, a partial summary judgment could have been granted to Schindler as to the amount of his fees and services which were unpaid and as to the agreement for the 1.5% per month interest rate, *see* M.R. Civ. P. 56(d). However, a summary judgment as to calculation of the amount of interest due should have been denied as not resolvable because of disputes as to material facts.

[¶ 17] Separately, because the dispute arose over the amount and collection of an attorney's fee, and the amount of interest claimed appeared, at least facially, to be in considerable disproportion to the amount claimed for fees and services, the trial court had an independent obligation pursuant to M. Bar R. 3.3(a) to determine whether, in the circumstances of the case, the amount of the total claim *or the approach utilized for collection of the fee* was excessive or unreasonable. *See Cloutier, Barrett, Cloutier & Conley,* 604 A.2d at 44–45 (discussing a trial court's determination in an attorney fee collection case where there was an inadequately opposed motion for a summary judgment). On remand, in examining the appropriateness of the overall amount claimed to be due, the court should consider whether the parties agreed that simple interest or compound interest would be used to calculate the interest rates on overdue balances on the account. The court should also consider

6. From a review of the record, it is not entirely clear whether the interest calculations were compounded on a monthly, yearly, or some other basis.

whether significant amounts of the interest claimed to be due may have resulted from significant delay or laches in initiating the collection action and, in light of these factors, consider and award a sum that is neither excessive nor unreasonable under M. Bar R. 3.3(a).[7]

The entry is:

Judgment vacated. Remanded for further consideration in accordance with this opinion.

WATHEN, C.J., files a concurring opinion joined by RUDMAN, J.

WATHEN, C.J., with whom RUDMAN, J., joins, concurring.

[¶ 18] I concur in the result, but I reach that result more directly and, possibly, more forcefully.

[¶ 19] I begin with the premise that "an attorney-client fee dispute is no ordinary contractual controversy." *Anderson v. Elliott*, 555 A.2d 1042, 1049 (Me.1989). As officers of the court, attorneys who have taken the oath to delay no person "for lucre or malice, but ... conduct [themselves] in the office of an attorney ... with all good fidelity, as well as to the courts, as to [their] clients," 4 M.R.S.A. § 806 (1989), are members of a regulated profession and are subject to the court's inherent supervisory power. *Anderson*, 555 A.2d at 1048. Thus, in addition to their general fiduciary duties, attorneys are held to high standards " 'derived from traditions of the bar designed to assure fairness and efficiency of court procedures and adjudications and to foster public confidence in such fairness

and efficiency.' " *Id.* (quoting *In re Dineen*, 380 A.2d 603, 604 (Me.1977)). One of these standards finds expression in the rule that "[a] lawyer shall not enter into an agreement for, charge, or *collect* an illegal or excessive fee." M. Bar R. 3.3(a) (emphasis added). This rule is based on a standard of professionalism that "emphasize[s] the subordination of financial gain to an ideal of public service." *Anderson*, 555 A.2d at 1048. Thus, regardless of the language of a fee agreement, a court that is asked to enforce the agreement must always consider the reasonableness of the fee claimed.

[¶ 20] In the present case, there are genuine issues of material fact regarding the reasonableness of the fee, the finance charges, and the attempt to collect either or both on a complaint that may be beyond the applicable statute of limitations.

7. A statute of limitations defense is an affirmative defense which is not preserved unless asserted in a timely manner. *See Jackson v. Borkowski*, 627 A.2d 1010, 1013 (Me.1993); *Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909, 912 (Me.1972); M.R. Civ. P. 8(c). No statute of limitations defense was asserted in this action. Thus, it is not preserved. However, in examining whether the amount claimed or the collection approach results in an excessive or unreasonable fee, the court may consider that from the record it appears that the last billable act for which compensa-

tion is claimed occurred in October 1993, that this sum became overdue in December 1993, and that the collection action was not filed until February 2000, thus indicating that the action may have been subject to the six-year statute of limitations in 14 M.R.S.A. § 752 (1980).