STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 JAN 30 P 2: 45

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-516
REC - CUM - 1/30/2003

EDMOND L. LAING,
          Plaintiff,

          v.

CLAIR CAR CONNECTION,
          Defendant.

ORDER ON DEFENDANT CLAIR CAR
CONNECTION'S MOTION FOR
SUMMARY JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

FEB 12 2003

## FACTUAL BACKGROUND

Defendant Clair Car Connection (Clair Car) moves for summary judgment on all counts of the original Complaint arguing that Plaintiff attempts to hold Defendant to an inappropriate duty and that the statutory duty expressly imposed on Defendant as an auto dealer bars the application of different statutory duties (Unfair Trade Practices Act (UTPA) and the Deceptive Trade Practices Act (DTPA)), as well as common law duties to avoid negligent misrepresentation and breach of contract. Flowing from Defendant's Motion for Summary Judgment, are Plaintiff's Motion to Amend the Complaint and Defendant's Motion to Strike.

The following facts are undisputed by the parties: On December 16, 2000, Plaintiff purchased a used 1999 Honda Civic (Honda) from Clair Car Connection. Defendant's Statement of Material Facts (DSMF) & Plaintiff's Statement of Material Facts (PSMF) ¶ 3. The vehicle was originally purchased by Defendant's Used Car Manager, Steve Block (Block), from Jim Zenevitch (Zenevitch) in Plaistow, NH. Id. ¶ 5. Zenevitch never disclosed that the vehicle had been involved in one or more accidents, nor did Block make any inquiry. PSMF ¶ 24. Zenevitch did inform Block that the Honda had been purchased from an auction in New Hampshire and had previously been traded in to a Nashua dealer by a private owner. PSMF & DSMF-Reply ¶ 26. Block was aware at the time of purchase that New Hampshire law did not require disclosure of structural damage to vehicles sold at auctions. PSMF ¶ 27.

After Clair Car's purchase of the Honda on September 18, 2000, it underwent a "tech inspection" and a state motor vehicle inspection, both performed by James Winslow, a mechanic for Clair Car. DSMF & PSMF ¶¶ 8, 9, 10 (SMF ¶ 9 is disputed only as to the characterization of "thorough inspection"). The tech inspection involves "inspecting the vehicle for prior mechanical or body damage which may exist or have been repaired, inspecting the switches and wiper blades, inspecting the vehicle fluids, performing an oil change, inspecting the interior of the vehicle for potential problems, and driving the car in a road test." Id. ¶ 9. After spending 1.8 hours on both inspections, Winslow found nothing wrong with the car. Id. ¶ 10. On December 18, 2000, prior to delivery to Plaintiff, an additional state inspection was performed by a different "ASE certified master technician." Id. ¶ 15. Neither mechanic discovered any mechanical or structural damage to the Honda; if they had, it would have been repaired and/or reported to the head of the service department and, ultimately, to Block, who would have returned the vehicle to Zenevitch. Id ¶¶ 12, 17, 18, 19.

After Plaintiff purchased the vehicle, a mechanic advised him that the Honda had been in one or two accidents, a fact which the prior owner of the Honda later confirmed. DSMF ¶¶ 42, 43. The facts surrounding the parties' respective actions and admissions subsequent to Plaintiff's discovery of the damage are all in dispute. Plaintiff claims that Defendant negligently misrepresented the condition of the Honda (Count I), breached the contract between the parties (Count II), violated the UTPA (Count III), and violated the DTPA (Count IV).

**DISCUSSION**

Motion to Amend Complaint

Plaintiff moves to amend his Complaint based on information received at the deposition of Block, which occurred one day after Defendant filed its Motion for Summary Judgment. Plaintiff contends that information from that deposition combined with

2

previously obtained information support the new allegations of fraud (Count V) and malice (Count VI).

Defendant responds with a Motion to Strike certain paragraphs in the Plaintiff's affidavit that lend support to the knowing or intentional allegations attending Counts V and VI. Defendant claims that Plaintiff's statements are inconsistent with earlier responses to interrogatories. Procedurally, Defendant contends that the filing of the amendment is untimely and that the Defendant will be prejudiced because it will be unable to conduct discovery on the claims of fraud and malice.

M. R Civ. P. 15(a) states that "a party may amend the party's pleading only by leave of the court. . .; and leave shall be freely given when justice so requires." "This mandate means that '[i]f the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice.'" Diversified Foods, Inc. v. First Nat. Bank of Boston, 605 A.2d 609, 616 (Me.1992) (quoting 1 Field, McKusick & Wroth, Maine Civil Practice § 15.4 at 303-04 (2d ed.1970)); Bangor Motor Co. v. Chapman, 452 A.2d 389, 392 (Me.1982). The Law Court has stated that "prejudice means something more than an increased likelihood of defeat in the litigation if the amendment is granted." Kelly v. Michaud's Ins. Agency, Inc., 651 A.2d 345, 347 (Me. 1994) (quoting 1 Field, McKusick & Wroth, Maine Civil Practice § 15.4 at 304). "Whether to allow a pleading amendment rests with the court's sound discretion." Diversified Foods, Inc. v. First Nat. Bank of Boston, 605 A.2d at 616.

In the present case, Plaintiff may not have had reasonably sufficient specific facts to include an allegation of fraud at the time the original complaint was filed. M.R. Civ. P. 9(b) (requiring averments of fraud to be made with specificity). The allegations in the amended complaint support a claim of fraud and a possible claim for punitive damages, notwithstanding Defendant's Motion to Strike. Defendant's sole assertion of prejudice states that Defendant will be unable to conduct discovery related to the fraud and malice

claims. Def.'s Opp'n to Pl.'s Motion to Amend ¶ 14. This alleged prejudice may easily and effectively be resolved with an extension of the discovery deadline. Because of the express liberal nature of Rule 15(a), the apparent good faith of the Plaintiff in awaiting sufficient facts to properly allege a claim of fraud, the absence of undue delay from the time when these facts became available, and the ease of mitigation of the prejudice alleged by the Defendant, the Plaintiff's Motion to Amend is granted.[1] 1 Field, McKusick & Wroth, <u>Maine Civil Practice</u> § 15.4 at 304 ("In appropriate situations a continuance may be granted in order to avoid prejudice.").

<u>Motion to Strike</u>

Defendant Clair Car's Motion to Strike portions of Plaintiff's affidavit supporting his Opposition to the Motion for Summary Judgment seeks exclusion, sanctions, or a continuance to allow additional discovery on the new claims. The argument presented for striking the statements is that they differ from the responses to interrogatories submitted by the Defendant. Both state and federal courts have required a clear *contradiction* between the two statements in order for judges to disregard subsequent statements made for purposes of a motion. <u>Schindler v. Nilsen,</u> 2001 ME 58, ¶ 9, 770 A.2d 638 (finding statements "directly contrary" to prior sworn testimony); <u>Zip Lube, Inc. v. Coastal Savings Bank,</u> 1998 ME 81, ¶ 10, 709 A.2d 733 (finding prior statements clearly contradicted statements in affidavit for summary judgment); <u>Holden v. Weinschenk,</u> 1998 ME 185, ¶ 12, 715 A.2d 915 (refusing to rely on affidavit that contradicted prior sworn statement); <u>Colantuoni v. Alfred Calcagni & Sons, Inc.,</u> 44 F.3d 1 (1st Cir.1994) (finding evidence submitted after defendant had filed his motion for summary judgment in direct contradiction to his deposition testimony). <u>But see McCabe v. Allied Products Corp.</u> No. 00-154-P-H (D. Me. Dec. 8, 2000)(recommended decision of Cohen, Magis.) <u>available at</u>

---

[1] Plaintiff's Motion to Amend should be granted, notwithstanding the fact that it was filed almost one year after the original complaint, over six months after the deadline imposed by the court's Pretrial Order, two and one-half months after the discovery deadline, and seventeen days after the deposition that allegedly gave rise to new claims.

2000 WL 1805687 (specifically finding no direct contradiction, but disregarding the subsequent affidavit because of the obvious "self-serving nature of the conclusory statements" and the absence of any corroborating evidence).

While the testimony of the Plaintiff at ¶¶ 4-7 of his affidavit is self-serving, the affidavit does not directly contradict the response to the interrogatory. Defendant's Motion to Strike is denied, as is its request for sanctions. The discovery deadline will be extended to allow for additional discovery on the Counts V and VI of the Amended Complaint. This extension will eliminate any remote possibility of prejudice.

Motion for Summary Judgment

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

Defendant bases its Motion for Summary Judgment on a belief that because 10 M.R.S.A. § 1475(2-A)(D) imposes a specific duty of disclosure on used car dealers, no other statutory duties imposed on retailers apply to them.[2] Defendant is correct, but only in part. The DTPA, 10 M.R.S.A. § 1211–1216, expressly does not apply to "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state or local governmental agency." 10 M.R.S.A. § 1214 (1997). Because Defendant properly

_____

[2] In its Reply Brief Defendant raises, for the first time, Plaintiff's failure to present *prima facie* evidence of damages, an element required by three of the four claims for relief. The requirement that a plaintiff must establish a *prima facie* case for each element" applies only to "those elements challenged by the defendant." Corey v. Norman, Hanson & DeTroy, et al., 1999 ME 196, ¶ 12, 742 A.2d 933. See also M.R.Civ. P. 7(e) (limiting a reply memorandum to new matter raised in the opposing memorandum); Niehoff v. Shankman & Associates Legal Center, P.A., 2000 ME 214, ¶ 6, 763 A.2d 121 ("Where the defendant properly challenges all elements of plaintiff's claim, the plaintiff must establish a *prima facie* case for each element of his cause of action."(internal quotations omitted)). Defendant's argument was not made in his preliminary motion, but in his reply; therefore, it is untimely and will not be considered.

complied with 10 M.R.S.A. § 1475(2-A)(D), the statute specifically enumerating the disclosure duties of used car dealers, it cannot otherwise be held liable for the DTPA claim. Def.'s MSJ Memo. at 7-9; DSMF ¶ 4 Ex. C.[3]

There may be an argument that Clair Car did not do enough to ascertain what, if any, damage the vehicle had sustained, for purposes of § 1475(2-A). However, the Plaintiff failed to make the allegation that Defendant violated 10 M.R.S.A. § 1475(2-A) and failed to counter Defendant's assertion that it did satisfy § 1475(2-A). Pl.'s MSJ Memo at 7 n. 4; Def.'s MSJ Memo at 7-8. For these reasons, Defendant's Motion for Summary Judgment should be granted as to Count IV because it is in compliance with another statute.

The duty established pursuant to 10 M.R.S.A. § 1475(2-A) does not "immunize" the Defendant from liability on Counts I–III of the original Complaint. Defendant contends that if a different or greater duty exists for purposes of the negligence, breach, or UTPA claims, it has met that higher duty. Although the existence of a duty is a question of law, breach of duty is a question of fact for a jury. Welch v. McCarthy, 677 A.2d 1066, 1069 (Me.1996). There also exist numerous genuine issues of material fact in dispute that must be resolved by a jury. PSMF & DSMF-Reply ¶¶ 25, 28, 29, 31, 33-41, 46-49 (addressing adequacy of actual inspections, reasonable inspections, whether particular statements by Defendant's agent were made, and the ease of identifying the damage). For these reasons, Counts I-III of the Complaint survive Defendant's Motion for Summary Judgment.

Defendant also contends that because Clair Car has offered admissible evidence to support a finding that due care "was exercised in inspecting the vehicle. . . , the burden

---

[3] Plaintiff does not appear to disagree with the contention that Defendant satisfied § 1475(2-A). Pl.'s MSJ Memo at 7 n. 4. (The only treatment of the issue was in a footnote and read as follows: "The Defendant's oblique argument in its Memorandum, at pp. 7-11, that its actions satisfied 10 M.R.S.A. § 1475(2-A)(D), is presumably somehow meant to imply that, *ergo*, no tortious misrepresentation occurred. That would only be meaningful if *the Defendant's satisfaction of Section 1475(2-A)(D)* otherwise immunized the Defendant from tortious negligent misrepresentation." (emphasis added)).

now shifts to Mr. Laing to demonstrate a genuine issue of material fact regarding. . . the amorphous duty of care he alleges exists." Def.'s MSJ Memo at 11. Clair Car further contends that this burden cannot be met without expert testimony, which Plaintiff has failed to designate. The burden shift, for which the Defendant argues, has only been applied to medical, legal, and engineering malpractice cases. Forbes v. Osteopathic Hosp. of Maine, Inc., 552 A.2d 16, 17 (Me. 1988) (holding that expert is usually required in medical malpractice cases, unless the negligence and harmful results are sufficiently obvious as to lie within common knowledge); Pitt v. Frawley, 1999 ME 5, ¶ 9, 722 A.2d 358 (holding that except in cases where the breach is obvious enough that it may be determined by the Court as a matter of law, or is within the ordinary knowledge and experience of laymen, expert evidence is required establish the attorney's breach of duty); Seven Tree Manor, Inc. v. Kallberg, 1997 ME 10 ¶ 7, 688 A.2d 916 (requiring expert evidence for engineer negligence, only if harm was not sufficiently obvious or within common knowledge). In the present case, it is not apparent that harm allegedly experienced by the Plaintiff is sufficiently obscure to the "common person" to warrant expert testimony, nor is there any indication that expert testimony is required to establish one's duty not to negligently misrepresent facts or breach a contract.

The entry is

Plaintiff's Motion to Amend Complaint is GRANTED;
Defendant's Motion to Strike is DENIED;
Defendant's Motion for Summary Judgment is DENIED as to Counts I-III and GRANTED as to Count IV; and
Discovery deadline is extended to April 15, 2003 and the case is to be scheduled for trial on the May–June 2003 trial list.

Dated at Portland, Maine this 29th day of January, 2003.

Robert E. Crowley
Justice, Superior Court

7

Date Filed  09-17-01      Cumberland     Docket No. __CV-01-516__

County

Action ___CONTRACT___

EDMOND L. LAING     vs.     CLAIR CAR CONNECTION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DAVID J. VAN DYKE, ESQ.<br>129 Lisbon Street<br>P.O. Box 961<br>Lewiston, ME  04243-0961<br>(207) 784-3576 | Joseph W. Corrigan, Esq.  791-3000<br>P.O. Box 9546<br>Portland, Maine 04112-9546<br><br>Bruce C. Gerrity, Esq.  623-5300<br>P.O. Box 1058<br>Augusta, ME 04332-1058 |

Date of
Entry