STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                DOCKET NO. CV-07-95

RORY HOLLAND,

          Plaintiff
                                                ORDER ON MOTION
     v.                                         FOR SUMMARY
                                                JUDGMENT
ROBERT KALEX,

          Defendant


Before the Court is Defendant Robert Kalex's ("Defendant") motion for summary judgment pursuant to M.R. Civ. P. 56 on all counts of Plaintiff Rory Holland's ("Plaintiff") Complaint.

## BACKGROUND

Plaintiff is an African-American man residing in Biddeford who ran for public office in 1999. Defendant is a white man who lives in Biddeford. On October 31, 1999, Plaintiff alleges that Defendant and another party dressed in hooded Ku Klux Klan robes and paraded on the sidewalk in front of Plaintiff's house while Plaintiff was at home, shouting racial epithets and spray painting racially derogatory statements on a fence on Plaintiff's property.

On July 18, 2000, when Plaintiff made an appearance in the District Court to testify against Defendant on a nuisance dog complaint, Plaintiff alleges that Defendant approached Plaintiff in the hallway and threatened him using racially derogatory terms. Plaintiff also alleges that, at this time, Defendant shoved him, grabbed a book out of Plaintiff's hands and threw it to the ground and poured hot coffee on him. Over the following week, Plaintiff alleges that there was a further series of incidents in which Defendant threatened to harm him. Plaintiff

1

claims that Defendant's behavior caused him severe emotional distress in addition to physical injuries to his person and damage to his property.

Plaintiff filed a seven-count Complaint against Defendant on October 28, 2005 alleging Intentional Infliction of Emotional Distress (Count I), Negligent Infliction of Emotional Distress (Count II), Assault (Count III), Battery (Count IV), Negligence (Count V), Violation of Maine's Civil Rights Act, 5 M.R.S.A. §§ 4681-4685, (Count VI) and requesting punitive damages be assessed (Count VII).

## DISCUSSION

### I. Statute of Limitations

As an initial matter, Defendant argues that judgment is appropriate in his favor on Counts III and IV of Plaintiff's complaint because claims for assault and battery must be filed within two years of when those claims accrue. 14 M.R.S.A. § 753. Further, Defendant asserts that judgment is appropriate in his favor on Count VI as Plaintiff's Complaint was filed more than two years after the last act of unlawful discrimination complained of. 5 M.R.S.A. § 4613(2)(C).

Plaintiff admits that more than two years has passed between the dates of the alleged acts forming the basis for Counts III, IV and VI of his Complaint and the filing of that Complaint. (Pl.'s Opp. to Def.'s S.M.F. ¶ 6.) Plaintiff, however, argues that Defendant's initial Answer failed to list the statute of limitations as an affirmative defense and that no subsequent Amended Answer has been allowed by the Court that raises the statute of limitations as an affirmative defense. The statute of limitations may be waived if not asserted in a timely manner. *Schindler v. Nilsen*, 2001 ME 58, n. 7, 770 A.2d 638, 644.

Despite Plaintiff's assertion to the contrary, Defendant properly pled the statute of limitations as an affirmative defense. In a handwritten note to the

2

Court dated December 23, 2005 and filed December 27, 2005, Defendant stated that he wanted to "motion the court" for a hearing on his attorney's motion to withdraw. He went on to state, "I also wish to ammend [sic] my ammended [sic] answer and counter claim to include [the] statute of limitations as a defense." On March 24, 2006, the Court granted this motion in its entirety. As a result, as of this date Defendant had permission to amend his Answer to plead the statute of limitations. Subsequently, Defendant filed an Answer and Counterclaim with the Court on April 10, 2006 that explicitly raised the statute of limitations as an affirmative defense to Counts III, IV, VI and VII of Plaintiff's Complaint.[1] Because Plaintiff does not dispute that the facts giving rise to his claims of assault, battery and violation of Maine's Civil Rights Act occurred more than two years prior to the initiation of this lawsuit, judgment must be entered in favor of Defendant on those counts.

## II. Severe Emotional Distress

As an element of his intentional infliction of emotional distress, Plaintiff must show that he suffered distress so severe that no reasonable person could be expected to endure it. *Curtis v. Porter*, 2001 ME 158, ¶ 10, 784 A.2d 18, 23. Further, in describing the damages suffered in his negligent infliction of emotional distress count, Plaintiff states that he suffered severe emotional distress. Plaintiff additionally pled emotional distress as an element of damages on his negligence cause of action. Defendant argues that because Plaintiff does not claim to have

---

[1] Even in the absence of this subsequent amended answer, Defendant's handwritten motion to amend his answer to include a statute of limitations defense would serve as sufficient notice to Plaintiff of Defendant's intent to raise that issue. *See Bolduc v. Watson*, 639 A.2d 629, 630 (Me. 1994) (stating that the purpose of M.R. Civ. P. 8(c) is to give fair notice of a claim and that, therefore, an affirmative defense may be adequately pleaded even in cases where a party does not use those specific words).

sought professional treatment as a result of his alleged emotional distress, Counts I, II and V must fail.

Defendant is mistaken. The Law Court has never required a plaintiff claiming severe emotional distress to seek treatment to prove that distress. Plaintiff claims that he suffered severe embarrassment, fear and depression as a result of Defendant's actions. (Pl.'s Opp. to Def.'s S.M.F. ¶ 7.) Viewing this averment in a light most favorable to Plaintiff, this is sufficient to establish a genuine issue of material fact as to whether Plaintiff suffered severe emotional distress.

## III. First Amendment

As a final argument, Defendant claims that even if it is accepted as true that Defendant paraded in a Ku Klux Klan outfit outside Plaintiff's home, this activity would be a form of symbolic speech protected by the First Amendment and therefore could not serve as the basis for a cause of action by Plaintiff against Defendant. This proposition is without merit and will not be addressed in depth. It is enough to note that the cases cited by Defendant all involve the government either banning a form of expression or attempting to hold a defendant criminally responsible for a form of expression. None of those cases stand for the proposition that two people dressing up in Ku Klux Klan regalia and parading outside the home of an African-American man cannot constitute extreme and outrageous behavior for purposes of holding that party civilly liable for the tort of intentional infliction of emotional distress. In any event, Plaintiff's intentional infliction of emotional distress claim is not based purely on Defendant's "expressive" behavior, but rests additionally on physical acts such as pouring

4

coffee on Plaintiff and defacing his property. As a result, judgment against Plaintiff on Count I of his Complaint is clearly inappropriate.

Therefore, the entry is:

> Defendant's motion for summary judgment is GRANTED as to Counts III, IV and VI of Plaintiff's Complaint and DENIED as to Counts I, II, V and VII. Judgment for the Defendant on Counts III, IV and VI of Plaintiff's Complaint.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _11th_ day of _July_, 2007.

Robert E. Crowley
Justice, Superior Court

STEPHEN WHITING ESQ
75 PEARL STREET SUITE 207
PORTLAND ME 04101

ANDREWS CAMPBELL ESQ
45 KALERS CORNER ROAD
WALDOBORO ME 04572