STATE OF MAINE                                    SUPERIOR COURT
OXFORD, ss.                                       CIVIL ACTION
                                                  DOCKET NO. CV 20 29


SETH CAREY


v.                                                ORDER


LANCE PANGELINAN

Before the court is trial on plaintiff's suit for attorneys fees. Appearing in court today is Plaintiff. Defendant attended by telephone. Both Plaintiff and Defendant testified.

Plaintiff represented Defendant on OUI charges. Defendant was about 21 years old. The court process included a hearing on a motion to suppress and a subsequent plea to a driving to endanger. Plaintiff wrote an engagement letter acknowledging receipt of a $500 retainer and indicating that the rate was $100 an hour and that Defendant expected to be paid once the retainer was exhausted.

Plaintiff provided no records showing the hours worked and any itemization of those hours. He provided a December 8, 2017 invoice showing $2606.04. Some of that is interest on a prior bill. It does not reflect whether it is work done over and above what was paid

Defendant testified he did not recall receiving the engagement letter. He paid the $500 retainer. At the end of the case, he asked what he owed. When Plaintiff told him the balance was $500, Defendant paid the $500 and received a receipt from the Plaintiff.

When an attorney sues his client for fees, the trial court has an independent obligation to determine whether, in the circumstances of the case, the amount of the total claim or the approach utilized for collection of the fee was excessive or unreasonable. *Schindler v. Nilsen*, 2001 ME 58, ¶ 17.

1

Pursuant to the rules governing attorneys:

**(a)** A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. A fee or charge for expenses is unreasonable when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee or expense is in excess of a reasonable fee or expense. The factors to be considered in determining the reasonableness of a fee include the following:
**(1)** the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
**(2)** the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
**(3)** the range of fees customarily charged in the locality for similar legal services;
**(4)** the responsibility assumed, the amount involved and the results obtained;
**(5)** the time limitations imposed by the client or by the circumstances;
**(6)** the nature and length of the professional relationship with the client;
**(7)** the experience, reputation, and ability of the lawyer or lawyers performing the services;
**(8)** whether the fee is fixed or contingent;
**(9)** whether the client has given informed consent as to the fee arrangement;
**(10)** whether the fee agreement is in writing; and
**(11)** any other risks allocated by the fee agreement or potential benefits of the fee agreement, judged as of the time the fee agreement was made.
**(b)** The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

Me. Rules of Prof'l Conduct, 1.5.

For several reasons, the Plaintiff failed to meet his burden. First, the court is not clear how many hours were billed. The calculation of interest makes it impossible to determine the number of hours billed. Second, even assuming the number of total hours was 25 or 26, the court has no way to determine what was accomplished, when, and how long it took. Without some degree of itemization, the court cannot assess the factors required by 1.5(a), (a)(1) and (a)(4). Third, the court cannot tell if Defendant was credited for the $1000. Therefore, the court cannot tell if Plaintiff claims to have worked about 25 hours or 35 hours. Fourth, the court

2

accepts that Plaintiff sent the November 22, 2016 engagement letter. The court also accepts, however, that the Defendant understood that when he paid $500 after the final hearing, that the Plaintiff accepted the money in final satisfaction of the amount owed.

For these reasons, the court finds that the Plaintiff has not met his burden to show that fees in excess of the $1000 already paid were owed or were reasonable.

The entry is:

Judgment for the Defendant.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: __6/30/21__

Thomas R. McKeon
Justice, Maine Superior Court

3