STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 20 60

SETH CAREY

v.                                              ORDER

RONALD BOLDUC *et al*

Before the court is trial on Plaintiff's suit for attorneys fees. Appearing in court today are Plaintiff and both Defendants. Both Plaintiff and Defendants all testified.

Plaintiff represented Defendants on an eviction of Defendants' tenant. The parties agreed that Plaintiff would represent Defendant in exchange for Defendants' agreement to manufacture and install a sign. There was disagreement over whether the sign was full consideration for the eviction or was consideration only for the first of three hearings.

Plaintiff provided no records showing the agreement between the parties, the hours worked, any invoices, or any itemization of those hours. He testified he was owed $1332.

When an attorney sues his client for fees, the trial court has an independent obligation to determine whether, in the circumstances of the case, the amount of the total claim or the approach utilized for collection of the fee was excessive or unreasonable. *Schindler v. Nilsen*, 2001 ME 58, ¶ 17.

Pursuant to the rules governing attorneys:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. A fee or charge for expenses is unreasonable when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee or expense is in excess of a reasonable fee or expense. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

1

**(2)** the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

**(3)** the range of fees customarily charged in the locality for similar legal services;

**(4)** the responsibility assumed, the amount involved and the results obtained;

**(5)** the time limitations imposed by the client or by the circumstances;

**(6)** the nature and length of the professional relationship with the client;

**(7)** the experience, reputation, and ability of the lawyer or lawyers performing the services;

**(8)** whether the fee is fixed or contingent;

**(9)** whether the client has given informed consent as to the fee arrangement;

**(10)** whether the fee agreement is in writing; and

**(11)** any other risks allocated by the fee agreement or potential benefits of the fee agreement, judged as of the time the fee agreement was made.

**(b)** The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

Me. Rules of Prof'l Conduct, 1.5.

The Plaintiff failed to meet his burden. Without any agreement in writing, the court finds that Plaintiff cannot meet his burden to show that he anticipated payment over and above the sign. Furthermore, court has no way to determine whether the amount billed was reasonable given the circumstances.

For these reasons, the court finds that the Plaintiff has not met his burden to show that fees in excess of the consideration provided in form of a sign were owed or were reasonable.

The entry is:

Judgment for the Defendant.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 6/30/21

Thomas R. McKeon
Justice, Maine Superior Court

2